[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sanford v. Bur. of Sentence Computation,* Slip Opinion No. 2017-Ohio-8723.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8723

THE STATE EX REL. SANFORD, APPELLANT, *v.* BUREAU OF SENTENCE COMPUTATION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sanford v. Bur. of Sentence Computation,* Slip Opinion No. 2017-Ohio-8723.]

*Mandamus—Writ of mandamus sought to compel Bureau of Sentence computation to calculate time served under a state sentence as if the sentence were served concurrently with a federal sentence—Dismissal of petition for writ affirmed.*

(No. 2017-0014—Submitted June 20, 2017—Decided November 30, 2017.)

APPEAL from the Court of Appeals for Franklin County,

No. 16AP-276, 2016-Ohio-7872.

_____

**Per Curiam.**

{¶ 1} Appellant, John W. Sanford, appeals the Tenth District Court of Appeals' dismissal of his petition for a writ of mandamus. We affirm.

*Background*

**{¶ 2}** Sanford's complaint sets forth the following facts, which, for purposes of the motion to dismiss, the court of appeals was required to accept as true. In June 1992, Sanford was convicted of murder in Wood County, Ohio. *State v. Sanford*, Wood C.P. No. 91-CR-238 (June 5, 1992). The judgment entry sentenced Sanford to the custody of the Ohio Department of Rehabilitation and Correction to be imprisoned for an indefinite term of a minimum of 15 years to life, to be served consecutively to the sentence defendant was then serving on federal charges.

**{¶ 3}** On February 19, 2016, Sanford commenced the present action against appellee, Bureau of Sentence Computation ("BSC"), in the Tenth District Court of Appeals.[1] Sanford requested a writ of mandamus to compel BSC to calculate his time served under his state sentence as if the sentence were being served concurrently with—not consecutively to—the federal sentence.

**{¶ 4}** BSC filed a motion to dismiss. The court of appeals accepted the magistrate's recommendation to grant the motion. Sanford timely appealed.

*Analysis*

**{¶ 5}** At the time of Sanford's sentencing, former R.C. 2929.41, 143 Ohio Laws, Part I, 1307, 1438, provided:

> (A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. In any case, a sentence of

---

[1] The case was initially filed in the Sixth District Court of Appeals as *State ex rel. Sanford v. Bur. of Sentence Computation*, 6th Dist. No. 2016 WD 0008, but it was dismissed without prejudice. Sanford appears to have refiled the same document in the Tenth District without changing the caption.

imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution.

(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

(1) When the trial court specifies that it is to be served consecutively.

Thus, under that law, a sentencing court could designate a second sentence to run consecutively to "any other sentence of imprisonment." Sanford contends that as a matter of statutory definition, incarceration on a federal crime did not qualify as "any other sentence of imprisonment."

{¶ 6} The plain language of former R.C. 2929.41 disproves Sanford's claim. The first sentence in division (A) referred to "a sentence of imprisonment imposed by * * * the United States." Thus, the statute plainly included federal sentences as one type of "sentence of imprisonment." Sanford's argument would prevail only if use of the phrase in division (B) was construed differently than the use of the same phrase in division (A), which is an absurd suggestion.

{¶ 7} Sanford's reliance on R.C. 1.05(A) to reach a contrary result is misplaced. That provision defines "imprisoned" as confinement in a state, county, municipal, or other nonfederal facility. But R.C. 1.05(A) has a caveat: the definition it provides applies "unless the context otherwise requires." As shown in the previous paragraph, the context of former R.C. 2929.41 requires otherwise.

{¶ 8} Alternatively, Sanford points to former R.C. 2929.41(C)(1), 143 Ohio Laws, Part I, at 1439, which spells out how to calculate minimum and maximum terms "[w]hen consecutive sentences of imprisonment are imposed for felony under division (B)(1)." Sanford assumes that "imposed for felony" meant a felony *under*

*Ohio law* and therefore subdivision (B)(1) could not apply to a federal felony sentence. But of course nothing in subdivision (C)(1) limits the consecutive sentences to only those circumstances involving two state convictions.

**{¶ 9}** Finally, Sanford argues that running his two sentences consecutively violates equal protection and due process. Sanford raised this argument for the first time in his objections to the magistrate's recommendation. He did not raise constitutional arguments in his complaint or in his pleadings in opposition to the motion to dismiss. In an original action for mandamus, an issue raised for the first time in objections to the magistrate's decision, without having appeared in the complaint, has been waived. *State ex rel. Durbin v. Indus. Comm.*, 10th Dist. Franklin No. 10AP-712, 2012-Ohio-664, ¶ 10, and cases cited therein.

**{¶ 10}** We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

John W. Sanford, pro se.

Michael DeWine, Attorney General, and Kelly N. Brogan, Assistant Attorney General, for appellee.

_____

4