[Cite as *State v. Harris*, 2018-Ohio-2850.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170266 |
| | | C-170267 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1403840 |
| | | B-1501428 |
| vs. | : | |
| DRAKKAR HARRIS, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |


Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed and Causes Remanded

Date of Judgment Entry on Appeal:  July 20, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**CUNNINGHAM, Presiding Judge.**

{¶1}   In these consolidated appeals, defendant-appellant Drakkar Harris appeals his sentences in the cases numbered B-1403840 and B-1501428.  For the reasons that follow, we affirm the judgments in both cases, but we remand the causes for the trial court to issue nunc pro tunc sentencing entries to reflect the sentences the court actually imposed at the sentencing hearing.

## Background Facts and Procedure

{¶2}   Harris was charged with the 2014 robberies of two individuals in B-1403840.  Harris pleaded guilty to those charges on February 6, 2015, and he remained released on bond pending sentencing.  While out on bond, Harris committed several other offenses including the aggravated robberies and the felonious assault that were charged in B-1501428.

{¶3}   When Harris appeared on May 25, 2017, for sentencing in B-1403840, he also entered guilty pleas in B-1501428.  In exchange, the state agreed, among other things, to reduce some of the charges, to dismiss others, and to recommend a "global" multi-case 25-year sentence of imprisonment to be comprised of an aggregate 14-year sentence in B-1403840 and B-1501428, to be served consecutively to an 11-year sentence that had been imposed by another sentencing court in the case numbered B-1502209.

{¶4}   The trial court accepted Harris' plea in B-1501428 to four counts of robbery, three accompanied by a one-year firearm specification, and one count of felonious assault with a one-year firearm specification.  The court then proceeded directly to sentencing in both B-1403840 and B-1501428.

{¶5}   At the sentencing hearing, the court announced that it was imposing concurrent prison terms for the offenses committed in B-1403840, for a total of three

years, and consecutive prison terms for the offenses committed in B-1501428, for a total of 14 years. The court further stated that the B-1403840 and B-1501428 sentences were to be served at the same time, but that those sentences were to be served consecutively to the 11-year sentence previously imposed in B-1502209, for a global sentence of "25 years" in prison, as requested by the state. The court also made findings in support of the consecutive sentences.

{¶6} The sentencing entries the court journalized were consistent with the oral pronouncement and provided that the sentences imposed in each case were to be served consecutively to the sentence imposed in B-1502209. But the court did not specify that the sentences in B-1403840 and B-1501428 were to be served concurrently and that the **aggregate** 14-year sentence for the two cases was to be served consecutively to the sentence imposed in B-1502209. Harris now appeals, raising two assignments of error.

## Analysis

{¶7} In his first assignment of error, Harris argues that the trial court erred by ordering that the prison terms imposed in B-1501428 be served consecutively to each other. The court sentenced Harris in B-1501428 for four different robberies and a felonious assault that occurred at the same time as one of the robberies.

{¶8} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. *See* R.C. 2929.41(A). When the trial court imposes consecutive sentences, it must make the consecutive-sentences findings set out in R.C. 2929.14(C)(4), and those findings must be made at the sentencing hearing and incorporated into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, syllabus.

3

{¶9} This court may modify or vacate a felony sentence under R.C. 2953.08(G)(2) only if we clearly and convincingly find that either (1) the record does not support the mandatory sentencing findings, if any, or (2) the sentence is otherwise contrary to law. *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶10} Harris argues that the record does not support the trial court's findings under R.C. 2929.14(C)(4) that consecutive terms in B-1501428 were "necessary to protect the public from future crime" and "were not disproportionate to the seriousness of the offender's conduct."

{¶11} The record shows, however, that Harris was out on bond when the B-1501428 offenses took place, and his conduct demonstrated an escalating path of violence. Harris displayed a firearm during the January 23, 2015 and January 27, 2015 robberies, and he used that firearm on February 14, 2015, during a robbery and felonious assault, firing shots as his victim ran away. During an additional robbery on February 13, 2015, Harris severely beat his elderly victim. Further, Harris, who was 21 years old at sentencing, had a long record of juvenile adjudications and "over 20 pages worth of infractions" while housed inside the Hamilton County Justice Center. These facts provided ample support for the trial court's findings that consecutive prison terms were necessary to protect the public from future crime and were not disproportionate to the seriousness of Harris' conduct.

{¶12} Thus, Harris has failed to demonstrate that the trial court erred by imposing consecutive prison terms in B-1501428, *see White*, 2013-Ohio-4225, 997 N.E.2d 629, at ¶ 11, and we overrule the first assignment of error.

{¶13} Harris argues in his second assignment of error that the sentencing entries do not reflect the sentences the trial court imposed at the sentencing hearing. He argues

that the court orally imposed the state's requested global sentence of 25 years in prison, but a clerical error in the sentencing entries indicated a 28-year global sentence. The state joins in Harris' argument that the court orally imposed a 25-year global sentence that is not reflected in the entries.

{¶14} Our review of the record, including the transcript of the proceedings, clearly demonstrates that the sentencing entries do not reflect the sentences the trial court announced at the joint-sentencing hearing. The court stated that the sentences imposed would result in the "25 years" in prison recommended by the state, which comprised of running the B-1501428 and B-1403840 sentences concurrently and the aggregate 14-year sentence for those two cases consecutively to the 11-year sentence in B-1502209. If both the B-1403840 and B-1501428 sentences are independently served consecutively to B-1502209, as reflected in the sentencing entries, Harris would serve a 28-year global sentence. Accordingly, we sustain the second assignment of error on this basis.

{¶15} Harris' challenge, however, involves a defect in his sentencing entries that can be corrected by a nunc pro tunc entry. *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 13. "Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18. A nunc pro tunc entry is appropriately used to correct a sentencing entry to reflect a sentence the trial court actually imposed upon a defendant at a sentencing hearing. *See Qualls* at ¶ 13; Crim.R. 36.

## Conclusion

{¶16}   We affirm the trial court's judgments in the cases numbered B-1403840 and B-1501428, but we remand the causes for the court to issue nunc pro tunc sentencing entries that include the additional statement that the three-year sentence imposed in B-1403840 and the 14-year sentence imposed in B-1501428 are to be served concurrently, and that the aggregate 14-year sentence for those two cases shall be served consecutively to the 11-year sentence imposed in B-1502209.

Judgment accordingly.

**MYERS** and **MILLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.