[Cite as *State v. Warren*, 2018-Ohio-4757.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-180008 |
| | | TRIAL NO. B-1603909 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| NICHOLAS WARREN, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
                           Remanded for Resentencing

Date of Judgment Entry on Appeal:  November 30, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jon R. Sinclair,* for Defendant-Appellant.

**CUNNINGHAM, Presiding Judge.**

{¶1} After a plea of guilty, Nicholas Warren was convicted of failing to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B). The trial court imposed a 24-month prison term to be served consecutively to a prison term previously imposed by a Kentucky court for another offense, indicating that the consecutive sentence was required by law. On appeal, Warren argues that a consecutive term was not mandatory and, if a consecutive term was mandatory, then his plea was not voluntarily entered because he was not informed of this.

{¶2} For the reasons that follow, we hold that the trial court misinterpreted the law and was not required to order a consecutive sentence. Accordingly, we vacate the part of Warren's sentence imposing a consecutive prison term, and remand this cause for resentencing.

### Background Facts and Procedure

{¶3} Warren pled guilty to a third-degree felony offense of failure to comply, in violation of R.C. 2921.331(B). Division (D) of R.C. 2921.331 provides that any prison term imposed for a felony violation of division (B) must be served "consecutively to any other prison term or mandatory prison term imposed upon the offender." Before accepting Warren's plea, the trial judge informed Warren that the maximum prison term it could impose for the failure-to-comply offense was 36 months. And, after noting that Warren had been sentenced recently to a four-year prison term in Kentucky, the trial judge additionally informed Warren that if it imposed a prison term, by statute that prison term might have to be served consecutively to the Kentucky prison term.

{¶4} Later, the trial judge imposed a prison term for the failure-to-comply offense, announced at the sentencing hearing that a consecutive sentence was mandatory under the provisions of R.C. 2921.331 and 2929.14(C), and issued a sentencing entry ordering that the prison term be served consecutively to the

Kentucky prison term. The sentencing entry, however, contains a citation to R.C. 2929.14(E) instead of R.C. 2929.14(C). Warren now appeals, raising four assignments of error.

## Second and Fourth Assignments of Error

{¶5} In his second assignment of error, Warren argues that the relevant statutory provisions, R.C. 2929.331(D), 2929.14(C), and 2929.41(A) and (B)(2), authorized the trial court to run his prison term for the failure-to-comply offense consecutively to the Kentucky prison term, but clearly did not require it. Alternatively, in his fourth assignment of error, he argues, as he did below, that the relevant statutes are ambiguous and must be construed in his favor. Under both assignments of errors, he argues that the trial court misinterpreted the law when it determined that a consecutive sentence was mandatory, and therefore, that the part of his sentence ordering the prison term to be served consecutively to the Kentucky prison term must be reversed and the cause remanded for the trial court to resentence him.

{¶6} The state argues that the trial court correctly ordered the underlying prison term to be served consecutively to the Kentucky prison term, because that is what the law unambiguously required it to do.

{¶7} Statutory interpretation is an issue of law that this court reviews de novo. "In the normal course, statutes mean what they say by their plain meaning. 'If the language is clear and unambiguous, we must apply the statute as written.' " *State v. Polus,* 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, ¶ 1, quoting *In re T.R.,* 120 Ohio St.3d 136, 2008-Ohio-5219, 896 N.E.2d 1003, ¶ 8. When interpreting a statute, we must presume the legislature intended that every part of the statute is to be "effective." R.C. 1.47(B). We also presume the legislature intended for a "just and reasonable result," one that is "feasible" to "execut[e]." R.C. 1.47(C) and (D).

{¶8} Consistency in statutes is of prime importance, and courts have the duty to attempt to harmonize and reconcile all laws. Resultantly, "all provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously unless they are irreconcilable." *Couts v. Rose*, 152 Ohio St. 458, 461, 90 N.E.2d 139, quoted in *Blair v. Sugarcreek Bd. of Twp. Trustees,* 132 Ohio St.3d 151, 2012-Ohio-2165, 970 N.E.2d 884, ¶ 18. When reading statutes in pari materia and construing them together, the court "must give a reasonable construction that provides the proper effect to each statute." *Maxfield v. Brooks*, 110 Ohio St. 566, 144 N.E. 725 (1924), paragraph two of the syllabus, quoted in *Blair* at ¶ 18.

{¶9} If a statute presents an ambiguity, we must consider several factors to determine legislative intent. *See* R.C. 1.49. In criminal cases, we construe "sections of the Revised Code defining offenses or penalties * * * against the state, and liberally * * * in favor of the accused." R.C. 2901.04(A).

### Analysis

{¶10} Several statutes are involved in determining whether the trial court was required to order a consecutive sentence in this case. R.C. 2921.331, the statute proscribing the underlying offense of failure to comply, must be read in pari materia with the relevant sentencing provisions on the same issue. *See Blair* at ¶ 18. Therefore, we begin our analysis with a review of Ohio's sentencing provisions on concurrent and consecutive sentences.

{¶11} R.C. 2929.41 provides rules for determining when multiple sentences are to be served concurrently or consecutively. Concurrent sentences are mandatory unless certain delineated exceptions apply. In relevant part, R.C. 2929.41 states:

(A) Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison

term, jail term, or sentence of imprisonment imposed by a court of

this state, another state, or the United States.

Thus, R.C. 2929.41(A) enacts the general rule in Ohio requiring concurrent sentences, with clearly delineated exceptions, including the provisions in R.C. 2929.41(B), 2929.14(C)(3), and other statutes not applicable to this matter.

{¶12} *R.C. 2929.14(C)(3) exception.* We first review the exception set forth in R.C. 2929.14(C)(3), which the trial court found dispositive. This statute mandates that any prison term imposed for a felony violation of the failure-to-comply statute must be served consecutively to any "prison term" or "mandatory prison term," whether "previously or subsequently imposed upon the offender."

{¶13} The trial court was persuaded that the legislature used the broad language "previously or subsequently imposed upon the offender" to show a clear intent to include a prison term imposed by a Kentucky court within R.C. 2921.14(C)'s exception mandating a consecutive sentence. However, the "previously or subsequently imposed upon the offender" language merely modifies the phrases "prison term" and "mandatory prison term." To understand the exception, we look to the meaning of those phrases.

{¶14} R.C. 2929.01 contains the definitions for the phrases "prison term" and "mandatory prison term" to be used in the sentencing chapter of the Revised Code, including R.C. 2929.14(C)(3). As defined in R.C. 2929.01, "prison term" and "mandatory prison term" include only sanctions imposed under the Ohio Revised Code, which necessarily limits the scope of "prison term" and "mandatory prison

term" to those sanctions imposed by Ohio courts.[1]

{¶15} Consequently, we disagree with the trial court's reading of R.C. 2929.14(C)(3) to include a prison term imposed by a Kentucky court. Because Warren's Kentucky prison term was not a sanction imposed under the Ohio Revised Code, the exception of R.C. 2921.14(C)(3) does not apply in this case.

{¶16} *R.C. 2929.41(B) exceptions.* The only exception in R.C. 2929.41(B) that applies in this case is set forth in division (B)(2). This exception provides that an Ohio court imposing a prison term for a felony "may order" that sentence to be

---

[1] "Prison term," defined in R.C. 2929.01(BB), includes either of the following sanctions for an offender:
  (1) A stated prison term;
  (2) A term in a prison shortened by, or with the approval of, the sentencing court pursuant to section 2929.143, 2929.20, 2967.26, 5120.031, 5120.032, or 5120.073 of the Revised Code.

"Stated prison term," as used in division (BB), is defined in division (FF) as:
  [T]he prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court pursuant to section 2929.14, 2929.142, or 2971.03 of the Revised Code or under section 2919.25 of the Revised Code. "Stated prison term" includes any credit received by the offender for time spent in jail awaiting trial, sentencing, or transfer to prison for the offense and any time spent under house arrest or house arrest with electronic monitoring imposed after earning credits pursuant to section 2967.193 of the Revised Code. If an offender is serving a prison term as a risk reduction sentence under sections 2929.143 and 5120.036 of the Revised Code, "stated prison term" includes any period of time by which the prison term imposed upon the offender is shortened by the offender's successful completion of all assessment and treatment or programming pursuant to those sections.

"Mandatory prison term," defined in R.C. 2929.01(X), means:
  (1) Subject to (X)(2) of this section, the term in prison that must be imposed for the offenses or circumstances set forth in divisions (F)(1) to (8) or F(12) to (18) of section 2929.13 and division (B) of section 2929.14 of the Revised Code. Except as provided in sections 2925.02, 2925.03, 2925.04, 2925.05 and 2925.11 of the Revised Code, unless the maximum or another specific term is required under section 2929.14 or 2929.142 of the Revised Code, a mandatory prison term described in this division may be any prison term authorized for the level of offense.
  (2) The term of sixty or one hundred twenty days in prison that a sentencing court is required to impose for a third or fourth degree felony OVI offense pursuant to division (G)(2) of section 2929.13 and division (G)(1)(d) or (e) of section 4511.19 of the Revised Code or the term of one, two, three, four, or five years in prison that a sentencing court is required to impose pursuant to division (G)(2) of section 2929.13 of the Revised Code.
  (3) The term in prison imposed pursuant to division (A) of section 2971.03 of the Revised Code for the offenses and in the circumstances described in division (F)(11) of section 2929.13 of the Revised Code or pursuant to division (B)(1)(a), (b) or (c), (B)(2)(a), (b) or (c), or B(3)(a), (b), (c), or (d) of section 2971.03 of the Revised Code and that term as modified or terminated pursuant to section 2971.05 of the Revised Code.

served "consecutively to any prison term [for a felony] imposed upon the offender by the court of another state or the United States."  In other words, that exception provides only that a sentencing court is permitted to order consecutive terms under certain circumstances, but the exception does not require the court to impose consecutive terms.

{¶17}  We are aware of the discord in our analysis relating to the use of the definition of a "prison term" in the sentencing chapter of the Revised Code.  Applying the definition of "prison term" found in R.C. 2929.01(BB) strictly to R.C. 2929.41(B)(2) would render the latter statute's reference "to any prison term imposed upon the offender by the court of another state or the United States" meaningless and inoperative.  In other words, the statute would never authorize an Ohio court imposing a prison sentence for a felony to order that the offender serve the prison term consecutively to a prison term imposed on the offender by a non-Ohio court, a result clearly not intended by the language used in R.C. 2929.41(A) or (B).

{¶18}  To avoid this absurd result, and to provide meaning to all parts of R.C. 2929.41, we make a distinction between the phrase "prison term" as used in R.C. 2929.14(C), and the phrase "prison term imposed by a court of another state or the United States," as used in R.C. 2929.41(B).  In harmonizing the statutes, we obtain the result intended by the legislature.  *See State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.,* 95 Ohio St. 367, 373, 116 N.E. 516 (1971), quoted in *Polus,* 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, at ¶ 12.  *See also State ex rel. Sanford v. Bur. of Sentence Computation,* 152 Ohio St.3d 260, 2017-Ohio-8723, 95 N.E.3d 342.  We note that Warren is advocating for such a result.

{¶19}  In sum, Ohio's general rule of concurrent sentences applies absent an exception.  As we have already explained, the exception found in R.C. 2929.14(C)(3) mandating a consecutive sentence in certain circumstances does not apply in this

case because Warren's Kentucky prison term was not imposed under Ohio law. The exception of R.C. 2929.41(B)(2) does apply, but provides only that a trial court "may" order a prison term imposed for a felony to be served consecutively to any prison term for a felony imposed on the offender "by the court of another state or the United States." No other exception applies.

{¶20} Thus, after reading the related statutes together, as we are required to do, we hold that the statutes unambiguously permitted the trial court to order that Warren serve his prison term for the failure-to-comply offense consecutively to the prison term previously imposed by the Kentucky court for another felony offense, but the statutes did not require such a result. Because the trial court imposed the consecutive sentence under the erroneous understanding that it was required under the provisions of R.C. 2929.14(C), we reverse the sentencing order to the extent that it imposed a consecutive term. Accordingly, we sustain Warren's second assignment of error, but overrule his fourth assignment of error.

{¶21} In his third assignment of error, Warren argues the judgment contains a clerical error with respect to the consecutive sentence that must be corrected. Based on our review of the transcript, we agree, as does the state, that the trial court's citation to R.C. 2929.14(E) instead of R.C. 2929.14(C) in the sentencing entry is a clerical error. Ordinarily, we would order a correction of a clerical error by nunc pro tunc entry. *See, e.g., State v. Harris,* 1st Dist. Hamilton Nos. C-170266 and C-170267, 2018-Ohio-2850, ¶ 15. But there is no need to do so in this case because of our disposition of the second assignment of error. Consequently, we overrule the assignment of error.

{¶22} In his first assignment of error, Warren argues that if a consecutive sentence was mandatory, the trial court's failure to inform him of this during the Crim.R. 11 colloquy renders his plea involuntary. This assignment is rendered moot

by our disposition of the second assignment of error, and we exercise our discretion to not review it.

## Conclusion

{¶23} Accordingly, we reverse the trial court's judgment to the extent that it ordered a consecutive sentence and remand the cause for resentencing consistent with the law and this opinion. In all other respects, we affirm.

Judgment accordingly.

**ZAYAS** and **MILLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.