[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Robinson v. Chambers-Smith,* Slip Opinion No. 2019-Ohio-4111.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4111

THE STATE EX REL. ROBINSON, APPELLANT, *v.* CHAMBERS-SMITH, DIR., ET AL.,

APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Robinson v. Chambers-Smith,*

Slip Opinion No. 2019-Ohio-4111.]

*Mandamus—Writ sought to compel removal of information from inmate's legal file before next parole hearing—Court of appeals' judgment denying request for writ affirmed.*

(No. 2018-1553—Submitted June 11, 2019—Decided October 8, 2019.)

APPEAL from the Court of Appeals for Franklin County,

No. 18AP-106, 2018-Ohio-4127.

_____

**Per Curiam.**

{¶ 1} Appellant, Dale Robinson, appeals the decision of the Tenth District Court of Appeals denying his request for a writ of mandamus against Ohio

Department of Rehabilitation and Correction officials ("DRC").[1]  For the reasons set forth below, we affirm the judgment of the court of appeals and deny as moot Robinson's motion to grant judgment in his favor.

## I. Background

{¶ 2} Robinson was convicted in 1993 on two counts of second-degree aggravated drug trafficking and two counts of third-degree aggravated drug trafficking.  *State v. Robinson*, Scioto C.P. No. 92-CR-390.  He was sentenced to an indeterminate prison sentence of 7½ to 31½ years.  However, rather than being sent to prison, he was immediately placed on probation.

{¶ 3} In February 1997, the trial court found that he had violated the terms of his probation and ordered him to serve the previously imposed prison sentence.  Robinson was later paroled, and in 2008, while on parole, he was convicted on one count of felonious assault and sentenced to a prison term of five years.  *State v. Robinson*, Scioto C.P. No. 08-CR-000788.  The sentencing judge ordered him to serve the new sentence consecutively to his prior sentence.

{¶ 4} The Ohio Parole Board held hearings in August 2013 and June 2015, and both times, it denied Robinson parole.  After the 2015 hearing, the board continued the matter until June 2020.

## II. Procedural History

{¶ 5} On February 13, 2018, Robinson filed a complaint for a writ of mandamus in the Tenth District Court of Appeals to compel the removal of information from his legal file before his next parole-board hearing.  The case was assigned to a magistrate.  On April 4, the magistrate issued an order that set forth a

---

1. The complaint named Gary C. Mohr, former Director of the Ohio Department of Rehabilitation and Correction, Andre Imbrogno, former Chairman of the Ohio Adult Parole Authority, T. (Tracey) Conklin, and the (unnamed) Director of the Bureau of Sentence Computation as respondents. Pursuant to S.Ct.Prac.R. 4.06(B), Director Annette Chambers-Smith and Chairman Trayce Thalheimer were automatically substituted as respondents-appellees for Mohr and Imbrogno.

schedule for the submission of briefs and required the parties to file "the stipulated or certified evidence * * * on or before April 23, 2018."

{¶ 6} On April 17, DRC filed a motion for summary judgment. In response, Robinson argued that the summary-judgment motion was improper because the motion did not comply with the magistrate's scheduling order.

{¶ 7} On June 27, 2018, the magistrate recommended granting the motion and denying Robinson's request for a writ of mandamus. The magistrate determined that DRC does not have a duty to remove the information Robinson seeks to have removed from his legal file. The magistrate also noted that the summary-judgment motion had been properly filed under Civ.R. 56(B). Robinson filed written objections. On October 11, 2018, the court of appeals overruled the objections, adopted the magistrate's findings of fact and conclusions of law, and denied the writ.

{¶ 8} Robinson appealed.

### III. Legal Analysis

A. Robinson's motion to grant judgment in his favor

{¶ 9} Robinson filed his merit brief in this court on December 19, 2018. DRC did not file a merit brief within 30 days, as required by S.Ct.Prac.R. 16.03(A)(2), prompting Robinson on February 4, 2019, to file a motion requesting this court to "move to judgment" in his favor. DRC responded with a motion to strike both the motion for judgment and Robinson's merit brief, arguing that he had failed to serve his merit brief on DRC.

{¶ 10} We denied the motion to strike and instead permitted DRC an extension of time to file a merit brief. 154 Ohio St.3d 1515, 2019-Ohio-617, 118 N.E.3d 253. The parties then completed briefing the appeal. However, the motion for judgment remained unaddressed.

{¶ 11} Because we resolve this case today in favor of DRC, we deny the motion as moot.

B. The merits of the appeal

**{¶ 12}** To be entitled to a writ of mandamus, a relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. In support of his appeal, Robinson presents two propositions of law.

*1. Robinson's first proposition of law*

**{¶ 13}** " '[I]n any parole determination involving indeterminate sentencing, the [Ohio Parole Board] may not rely on information that it knows or has reason to know is inaccurate.' " *State ex rel. Brust v. Chambers-Smith*, 156 Ohio St.3d 331, 2019-Ohio-857, 126 N.E.3d 1099, ¶ 8, quoting *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, ¶ 26. When there is "a credible claim of an error that may prevent the inmate's application from receiving meaningful consideration," a writ of mandamus will issue to compel the correction of the inmate's record. *State ex rel. Keith v. Dept. of Rehab. & Corr.*, 153 Ohio St.3d 568, 2018-Ohio-3128, 109 N.E.3d 1171, ¶ 16.

**{¶ 14}** Robinson alleges the inclusion of materially inaccurate information on the Ohio Parole Board Decision and Minutes Form. Under "Offense(s) of Conviction," the form from his 2015 parole hearing lists: "2903.11 Felonious assault 1 count; 2925.03 Trafficking in drugs 2 counts." The form also indicates that Robinson is a "parole violator recommissioned,"[2] based on his felonious-assault conviction. The form indicates that Robinson has *two* trafficking convictions instead of *four*, but this is not the error of which Robinson complains.

---

2. The term "parole violator recommissioned" refers to an inmate who, while released on parole, is sentenced for a new felony. *See State ex rel. Grayson v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 15AP-793, 2017-Ohio-753, ¶ 30.

{¶ 15} Instead, Robinson contends that his legal file contains incorrect information because his five-year sentence for felonious assault was a determinate sentence that he had fully served as of September 2013. So when the parole board considered his application in 2015, he maintains, it should have assessed his parole eligibility under only his original, indeterminate sentence. For this reason, he believes he is entitled to a writ of mandamus ordering that his legal file be "corrected and updated" by removing any reference to the felonious-assault conviction. In his merit brief, he presents the theory in a modified form: once he completed his five-year sentence for his felonious-assault conviction, he was "no longer a parole violator."

{¶ 16} Robinson has not disputed the factual accuracy of the board's information and has cited no legal authority for the proposition that the board cannot consider his prior parole violation when assessing his suitability for release. Indeed, the board is *required* to consider the fact that he previously violated parole.

> In considering the release of [an] inmate, the parole board shall consider the following:
>
> * * *
>
> (2) Any official report of the inmate's prior criminal record, including a report or record of earlier probation or parole.

Ohio Adm.Code 5120:1-1-07(B). For this reason, the court of appeals correctly determined that his complaint for a writ of mandamus lacked merit.

{¶ 17} Robinson also objects to the parole board's having considered his inmate-discipline record, as evidenced by the statement in the board's report that he "does not demonstrate positive institutional conduct." According to Robinson, "ODRC policy 5120-1-1-02 prohibits the parole board from considering [an inmate's] disciplinary record to determine parole." But Ohio Adm.Code 5120:1-1-

02, which deals with offender-supervision fees, contains no such prohibition. Rather, the information the board may consider at the hearing is quite broad: it may consider "[s]uch other relevant written information concerning the inmate as may be reasonably available," except that it may not consider any grievances filed by the inmate, Ohio Adm.Code 5120:1-1-07(B)(6).

{¶ 18} Accordingly, we reject Robinson's first proposition of law.

*2. Robinson's second proposition of law*

{¶ 19} In his second proposition of law, Robinson argues that the court of appeals abused its discretion by failing to hold DRC in contempt for disregarding the scheduling order and instead filing a motion for summary judgment. This argument has no merit.

{¶ 20} As a preliminary matter, Robinson has waived the issue of contempt. He did not file a motion asking the magistrate to hold DRC in contempt. The first mention of contempt appears in his objections to the magistrate's decision. In an original action for mandamus, an issue raised for the first time in objections to the magistrate's decision is waived. *State ex rel. Sanford v. Bur. of Sentence Computation*, 152 Ohio St.3d 260, 2017-Ohio-8723, 95 N.E.3d 342, ¶ 9.

{¶ 21} The heart of Robinson's argument is not really whether the court of appeals should have found DRC to be in contempt but whether the court should have considered the motion for summary judgment. In that regard, Robinson has two arguments. First, he claims that DRC was not permitted to move for summary judgment until after the completion of the briefing as set forth in the scheduling order. However, a party against whom a claim is asserted "may, *at any time*, move * * * for a summary judgment in the party's favor." (Emphasis added.) Civ.R. 56(B). The only limitation on this rule is that "[i]f the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." *Id*. Contrary to Robinson's suggestion, a schedule for the submission of evidence and briefs is not the same thing as a "pretrial." A "pretrial" is a court-scheduled

conference at which the parties discuss matters relating to an upcoming trial and explore the possibility of settlement. *See* Civ.R. 16. DRC's summary-judgment motion was therefore properly filed without leave of court.

{¶ 22} Second, Robinson alleges that DRC failed to attach a sworn affidavit to its summary-judgment motion attesting to the affiant's personal knowledge of the matters stated in the motion or authenticating the exhibits attached to the motion. This contention does not appear in Robinson's objections to the magistrate's decision, and it has therefore been waived. *See State ex rel. Food & Water Watch v. State*, 153 Ohio St.3d 1, 2018-Ohio-555, 100 N.E.3d 391, ¶ 16; Civ.R. 53(D)(3)(b)(iv). Moreover, contrary to Robinson's assertions, the motion itself was not required to be supported by an affidavit, Civ.R. 56(B), and the documents attached to the motion that were necessary to decide the motion were sworn or certified documents.

{¶ 23} Accordingly, we reject Robinson's second proposition of law.

### IV. Conclusion

{¶ 24} For the foregoing reasons, we deny as moot Robinson's motion for judgment and affirm the court of appeals' judgment.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Dale Robinson, pro se.

Dave Yost, Attorney General, and Jared S. Yee, Assistant Attorney General, for appellees.

_____