[Cite as *State v. McClanahan*, 2021-Ohio-2652.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO<br>CITY OF CINCINNATI, | : | APPEAL NO. C-190688<br>TRIAL NO. 19CRB-2238 |
| | : | |
| Plaintiff-Appellee, | | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| KRISTIN MCCLANAHAN, | | |
| | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 4, 2021


*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Tyler Lister*, Assistant Prosecuting Attorney, for Plaintiff-Appellee.

*Kristen McClanahan*, pro se.

**Bock, Judge.**

{¶1} Defendant-appellant Kristin McClanahan appeals the trial court's interpretation of "person" as defined in R.C. Chapter 29. McClanahan further argues that the trial court erred when it exercised personal jurisdiction over her and subject-matter jurisdiction over this case.

## I. Facts and Procedure

{¶2} In January 2019, a Cincinnati police officer responded to a residence within the city of Cincinnati, Hamilton County, state of Ohio, on a fire "alarm drop," which had been dispatched by a home security company. Defendant-appellant Kristen McClanahan refused to allow the officer entry into the home, telling the officer that everything was "fine." When the officer requested identification, McClanahan said she was "Caitlyn Artist."

{¶3} The officer ran the name "Caitlyn Artist" and discovered that McClanahan had lied about her identity and that she had an open traffic capias. McClanahan was later arrested.

{¶4} McClanahan did not testify at her bench trial, but offered a closing argument in which she argued that statutory law did not apply to her, that she was a "woman of the people," and that the case had been dismissed prior to the trial date.

{¶5} The trial court convicted McClanahan of falsification and sentenced her to 180 days in the Hamilton County Justice Center. McClanahan has appealed.

## II. Standard of Review

{¶6} We review statutory interpretations and jurisdictional questions de novo. *State v. Grant*, 1st Dist. Hamilton Nos. C-150608 and C-150609, 2016-Ohio-7857, ¶ 11.

{¶7} Jurisdiction refers to the court's statutory or constitutional authority to hear a case, and encompasses jurisdiction over the subject matter and over the person. *Id.* at ¶ 10. Subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, and therefore, it cannot be waived and may be challenged at any time. *Id.* Jurisdiction may also refer to the court's exercise of its jurisdiction over a particular case, which refers to the court's authority to determine a specific case within that class of cases that is within its subject-matter jurisdiction. *Id.*

{¶8} Normally, statutes should be interpreted by their plain meaning and "[i]f the language is clear and unambiguous, we must apply the statute as written." *State v. Warren*, 2018-Ohio-4757, 124 N.E.3d 433, ¶ 7 (1st Dist.), quoting *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, ¶ 1. When interpreting a statute, we must presume the legislature intended that every part of the statute is to be "effective." R.C. 1.47(B). We also presume the legislature intended for a "just and reasonable result," one that is feasible to execute. R.C. 1.47(C) and (D).

### III. Assignment of Error

{¶9} McClanahan raises one assignment of error—that the trial court improperly found that she could violate a statute. Specifically, McClanahan argues that the trial court misinterpreted the word "person" and lacked personal and subject-matter jurisdiction.

#### A. R.C. 2901.01 Defines "Person"

{¶10} R.C. 2901.01(B)(1)(a)(i) states, "Subject to division (B)(2) of this section, as used in any section contained in Title XXIX of the Revised Code that sets

3

forth a criminal offense, 'person' includes * * * [a]n individual, corporation, business trust, estate, trust, partnership, and association." Falsification is governed by R.C. 2921.13, which is contained in Title XXIX of the Revised Code.

{¶11} McClanahan, citing R.C. 2721.01, asserts that the trial court misinterpreted the word "person." But R.C. 2721.01 governs declaratory judgment actions, not criminal cases. Because McClanahan is appealing a criminal conviction, this court must look to R.C. 2901.01(B)(1)(a)(i) for the proper definition of "person." As R.C. 2901.01(B)(1)(a)(i)'s definition of person includes an individual and McClanahan is an individual, the trial court properly interpreted the statute and found that McClanahan met the definition of "person." Therefore, there was no error in the trial court's interpretation of the word "person."

## B.  Jurisdiction

{¶12} Municipal courts are statutorily created and their subject-matter jurisdiction is set by statute. *State v. Grant*, 1st Dist. Hamilton Nos. C-150608 and C-150609, 2016-Ohio-7857, ¶ 11. R.C. 1901.20(A)(1) states that a "municipal court has jurisdiction to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal corporation within its territory, including exclusive jurisdiction over every civil action concerning a violation of a state traffic law or a municipal traffic ordinance."

{¶13} Under R.C. 2901.11(A)(1), "[a] person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state, any element of which takes place in this state."

{¶14} R.C. 2901.12(A) provides "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and, except in cases

4

of emergency under section 1901.028, 1907.04, 2301.04, or 2501.20 of the Revised Code, in the territory of which the offense or any element of the offense was committed."

### 1. Personal Jurisdiction

{¶15} A challenge to personal jurisdiction may be waived. *State v. Kendrick,* 1st Dist. Hamilton Nos. C-100141 and C-100142, 2011-Ohio-212, ¶ 4. A defendant waives any objection to a court's jurisdiction over her where she voluntarily submits to the trial court's jurisdiction at an initial appearance or by entering a plea of not guilty. *Id.*

{¶16} McClanahan argues that the trial court failed to serve her with notice of the charges against her, which divested the trial court of jurisdiction over her. But McClanahan voluntarily submitted to the trial court's jurisdiction when she appeared for arraignment and entered a not-guilty plea. She was properly served a notification of her charges and the next court date at that time. Therefore, her argument that the docket does not reflect that she was served fails. The trial court properly exercised personal jurisdiction over McClanahan.

### 2. Subject-Matter Jurisdiction

{¶17} The Hamilton County Municipal Court has subject-matter jurisdiction over misdemeanors committed within its territorial jurisdiction. *State v. Finch*, 1st Dist. Hamilton No. C-120553, 2013-Ohio-1862, ¶ 6. The filing of a valid complaint invokes the court's jurisdiction. *State v. Blair,* 1st Dist. Hamilton Nos. C-100150 and C-100151, 2010-Ohio-6310, ¶ 15.

{¶18} The term "jurisdiction" refers to a court's statutory or constitutional authority to hear a case. *State v. Kendrick,* 1st Dist. Hamilton Nos. C-100141 and C-

5

100142, 2011-Ohio-212, ¶ 3. Because subject-matter jurisdiction involves a court's authority to hear a case, the issue can never be waived or forfeited. *Id.* Thus, the lack of subject-matter jurisdiction may be raised at any time, even for the first time on appeal. *Id.*

{¶19} McClanahan argues that the trial court lacked subject-matter jurisdiction over her case. But she was convicted of violating R.C. 2913.13, a misdemeanor. Because McClanahan was charged with, and convicted of, a misdemeanor within the territorial jurisdiction of the city of Cincinnati, Hamilton County, Ohio, the trial court properly exercised subject-matter jurisdiction.

## IV. <u>Conclusion</u>

{¶20} The court properly tried McClanahan as a "person" as defined in R.C. 2901.01(B)(1)(a)(i). The court properly exercised personal and subject-matter jurisdiction in this matter. McClanahan's assignment of error is therefore overruled. The trial court's judgment is affirmed.

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion