[Cite as *State v. Desmarais*, 2025-Ohio-5541.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                         :         APPEAL NO.    C-250198

                                              TRIAL NOS.    23/TRC/8578/B

        Plaintiff-Appellee,            :                               23/TRC/8578/C

vs.                                      :

MICHAEL DESMARAIS,           :         *JUDGMENT ENTRY*

        Defendant-Appellant.        :

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the appeal is dismissed in part, the judgments of the trial court are affirmed in part and reversed in part, and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are to be taxed 50% to appellant and 50% to appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 12/11/2025 per order of the court.**

**By:**_____
         **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,  :  APPEAL NO. C-250198
  TRIAL NOS. 23/TRC/8578/B

    Plaintiff-Appellee,  :  23/TRC/8578/C

vs.  :

MICHAEL DESMARAIS,  :  *O P I N I O N*

    Defendant-Appellant.  :


Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded; Appeal Dismissed in Part

Date of Judgment Entry on Appeal: December 11, 2025


*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Jennifer Bishop*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Presiding Judge.**

{¶1} Defendant-appellant Michael Desmarais appeals from his conviction in the Hamilton County Municipal Court for operating a vehicle while under a prohibited concentration of a controlled substance in the case numbered 23/TRC/8578/B.[1] Desmarais argues that the charging instrument was defective, thus depriving the trial court of jurisdiction, and that the trial court wrongly convicted him of an uncharged offense. Desmarais also maintains that his conviction was not supported by sufficient evidence. We affirm the judgment of the trial court.

### *Factual and Procedural History*

{¶2} On March 28, 2023, Desmarais was involved in a traffic accident at Queen City Avenue and Harrison Avenue. The officers at the scene decided not to issue a citation to either party but asked both drivers to pull into a nearby parking lot to collect information for the accident report. As the officers were gathering information, Desmarais attempted to drive away. One of the officers instructed Desmarais to stay and ordered him to back into the parking spot immediately behind his vehicle. Desmarais complied but nearly struck a light pole while backing into the spot.

{¶3} As one of the officers questioned Desmarais, she noted an odor of an alcoholic beverage on Desmarais's breath. The officer then conducted field sobriety tests and formed the opinion that Desmarais was under the influence of alcohol and/or a drug of abuse. Desmarais was placed under arrest and transported to a Cincinnati police district where he submitted to a urine test.

{¶4} Desmarais was cited for operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a) ("OVI impaired"), operating a

---

[1] Desmarais does not challenge his conviction for operating a vehicle without reasonable control in the case numbered 23/TRC/8578/C. Therefore, that part of his appeal is dismissed.

vehicle with a prohibited concentration of a controlled substance in violation of R.C. 4511.19(A)(1)(j) ("OVI controlled substance"), and operating a vehicle without reasonable control in violation of R.C. 4511.202 ("reasonable control").

{¶5} Desmarais filed a motion to suppress the results of the field sobriety tests, among other evidence. The trial court initially heard the motion on September 6, 2023. The State presented evidence from an officer who was present at the scene, but the hearing was continued in progress and did not resume because the parties submitted a joint stipulation of facts. With respect to the field sobriety testing, the trial court denied the suppression motion, finding the results to be admissible to show that Desmarais was appreciably impaired.

{¶6} Following the trial court's ruling, Desmarais filed an application for a bill of particulars seeking more specific information as to how he violated R.C. 4511.19(A)(1)(j). That provision contains 11 subdivisions, each of which defines the offense of operating a motor vehicle while impaired based on the presence of a different illicit substance in the blood or urine. Desmarais's request for a bill of particulars sought to identify which specific substance formed the basis of the OVI controlled substance violation. In response, the State supplied a bill of particulars identifying three bases for the R.C. 4511.19(A)(1)(j) charge, including (1) a concentration of greater than 1000 nanograms of amphetamine per milliliter of urine in violation of R.C. 4511.19(A)(1)(j)(i), (2) a concentration of 726 nanograms of marihuana metabolite per milliliter of urine plus intoxication in violation of R.C. 4511.19(A)(1)(j)(viii)(I), and (3) a concentration of 726 nanograms of marihuana metabolite per milliliter of urine in violation of R.C. 4511.19(A)(1)(j)(viii)(II).[2] The

---

[2] R.C. 4511.19(A)(1)(j)(viii) requires a concentration of 35 nanograms or more of marihuana metabolite per milliliter of urine.

State also disclosed a toxicology report to the defense that confirmed the presence of these substances in Desmarais's urine, and Desmarais stipulated to the toxicology report.

{¶7}    Before trial, Desmarais argued to the trial court that the State should be required to elect one particular theory for the OVI controlled substance charge.  But the trial court rejected that contention and allowed the State to proceed on alternate theories of prosecution.

{¶8}    The case was set for a bench trial.  The parties submitted the matter to the trial court on the evidence presented at the partial suppression hearing, the stipulated facts, and the toxicology report.  The trial court acquitted Desmarais of the OVI impaired charge but found him guilty of the OVI controlled substance and reasonable control charges.  In announcing its verdict, the trial court indicated its intention to convict Desmarais of R.C. 4511.19(A)(1)(j) based on the presence of 726 nanograms of marihuana metabolite in his urine, which would correspond to the (A)(1)(j)(viii)(II) subdivision of the statute.  But in its handwritten entry it wrote that Desmarais was guilty of violating "R.C. 4511.19(A)(1)(j)(II)."  If meant to reference R.C. 4511.19(A)(1)(j)(ii), that subdivision of the statute pertains to cocaine, a substance not found in Desmarais's system.

{¶9}    On the OVI controlled substance charge, the trial court sentenced Desmarais to 180 days in jail, with 170 days suspended and ten days to be served in the "CASC program."  The court further imposed one year of community control and a one-year driver's license suspension.  As to the reasonable control charge, the court assessed no fine and remitted court costs.  Desmarais timely appealed.

### *Analysis*

{¶10} Desmarais raises three assignments of error on appeal.  First, he

challenges the adequacy of the OVI controlled substance complaint to invoke the jurisdiction of the municipal court, given the absence of a subdivision for the R.C. 4511.19(A)(1)(j) charge. Second, he argues that he was convicted of an uncharged offense because the trial court indicated in its written entry that Desmarais was guilty of violating R.C. 4511.19(A)(1)(j)(II), and Desmarais was never charged with that offense. Third, he questions the sufficiency of the evidence supporting his OVI controlled substance conviction, given that the trial court referenced the "(j)(II)" subdivision in its handwritten entry and he never had cocaine in his system.

### A. *The Sufficiency of the Charging Instrument*

{¶11} In his first assignment of error, Desmarais argues that the traffic citation charging him with OVI controlled substance was defective and was ineffective to invoke the municipal court's jurisdiction to hear the case because it generally cited to R.C. 4511.19(A)(1)(j) and was never amended to include a specific subdivision of subsection (j). We review jurisdictional questions de novo, without deference to the lower court's determination. *State v. McClanahan*, 2021-Ohio-2652, ¶ 6 (1st Dist.); *State v. John DOD*, 2024-Ohio-4807, ¶ 8 (1st Dist.).

{¶12} Municipal courts are creatures of statute, and the confines of their subject matter jurisdiction is statutorily defined to include misdemeanors committed within the court's territorial jurisdiction. *See* R.C. 1901.01 and 1901.02. The filing of a valid misdemeanor complaint invokes the jurisdiction of the municipal court. *See McClanahan* at ¶ 17. To be valid, a complaint must contain a written statement of the essential facts comprising the offense and the numerical designation of the relevant statute. *See* Crim.R. 3(A). Defects in the charging instrument invalidate the municipal court's jurisdiction. *See State v. Finch*, 2013-Ohio-1862, ¶ 11 (1st Dist.).

{¶13} Defenses based on a defective charging instrument must be raised

6

before trial. *See* Crim.R. 12(C)(2); *State v. Swazey*, 2023-Ohio-4627, ¶ 23. But a challenge to a court's subject matter jurisdiction may be raised at any time. *State v. Bell*, 2023-Ohio-2073, ¶ 8 (1st Dist.), quoting *Dikong v. Ohio Supports Inc.*, 2013-Ohio-33, ¶ 9 (1st Dist.).

**{¶14}** Desmarais argues that the municipal court lacked jurisdiction because the charging instrument lacked a sufficient numerical designation under R.C. 4511.19. The absence of a specific statutory subsection, however, does not render a complaint defective where a defendant otherwise had notice of the State's allegations and was not prejudicially mislead by the omission. *State v. Jones*, 2013-Ohio-4775, ¶ 15 (1st Dist.); *Animal Control v. Keller*, 2023-Ohio-3995, ¶ 12 (2d Dist.) ("The absence of a specific subsection in a complaint is permissible where the factual allegations make the violation clear."); *State v. Stefanopoulos*, 2012-Ohio-4220, ¶ 21 (12th Dist.) ("The failure to allege a specific subsection does not render the complaint against appellant defective.").

**{¶15}** Here, the traffic citation generally informed Desmarais of the nature of the charge against him under R.C. 4511.19(A)(1)(j). The State provided additional notice when it supplied a bill of particulars explaining three theories of prosecution under that subsection. *See State v. Jackson*, 2012-Ohio-5561, ¶ 15 ("[a] defendant may seek 'specificity of detail' relating to criminal charges through a request for a bill of particulars"). As Desmarais acknowledged at oral argument, toxicology results will often not be available at the time a traffic citation for OVI is filed, making it difficult to specify a subdivision of R.C. 4511.19(A)(1)(j) in the initial charging instrument. While the better practice would be to amend the charge to a specific subdivision or subdivisions once the results are available, we cannot say that the complaint was defective in this case. The municipal court accordingly had subject matter jurisdiction

to adjudicate the complaint against Desmarais.

**{¶16}** We overrule Demarais's first assignment of error.

## B. *The Imprecise Guilty Verdict*

**{¶17}** In his second assignment of error, Desmarais maintains that the trial court convicted him of an uncharged offense when it recorded a guilty finding under "R.C. 4511.19(A)(1)(j)(II)" in its handwritten entry. In response, the State points out that this was clearly a clerical error, given the trial court's explicit finding that Desmarais's urine contained a concentration of 726 nanograms of marihuana metabolite per milliliter.

**{¶18}** We agree with both parties. Desmarais was not convicted of R.C. 4511.19(A)(1)(j)(ii). To the contrary, the trial court plainly intended to convict Desmarais of R.C. 4511.19(A)(1)(j)(viii)(II), despite what it wrote in its handwritten entry. The trial court's oral pronouncement specifically mentioned that there were 726 nanograms of marijuana metabolite in Desmarais's urine and that 35 nanograms was the standard in the statute. Moreover, the trial court specifically referenced "726 milligrams mj metabolite" in its judgment entry. These were unequivocal references to the (A)(1)(j)(viii)(II) subsection.

**{¶19}** It follows that the court's handwritten reference to "R.C. 4511.19(A)(1)(j)(II)" was a clerical error. We therefore sustain Desmarais's second assignment of error insofar as the trial court incorrectly recorded the statutory subsection for his conviction and remand the cause to the trial court to correct the record in this regard. On remand, the trial court is instructed to enter a nunc pro tunc entry in the case numbered 23/TRC/8578/B reflecting that Desmarais was convicted under R.C. 4511.19(A)(1)(j)(viii)(II). *See* Crim.R. 36; *State v. Dickey*, 2025-Ohio-4397, ¶ 35 (1st Dist.) (indicating that a nunc pro tunc entry serves to reflect what the

8

court actually decided).

### C. Sufficiency of the Evidence

{¶20} In his third assignment of error, Desmarais argues that his conviction for OVI controlled substance was not supported by sufficient evidence. To assess whether a conviction is supported by sufficient evidence, we ask "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Sufficiency review concerns whether the State met its burden of production at trial. *See State v. Messenger*, 2022-Ohio-4562, ¶ 26, citing *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997) (Cook, J., concurring).

{¶21} Desmarais contends that he could not be convicted of R.C. 4511.19(A)(1)(j)(II) because there was no evidence of cocaine in his system. But, as we explained in resolving his second assignment of error, he was not convicted under that subdivision. Instead, he was convicted of violating R.C. 4511.19(A)(1)(j)(viii)(II). There was sufficient evidence to support that Desmarais's urine contained more than 35 nanograms of marihuana metabolite per milliliter as required by that provision. After all, Desmarais stipulated to the toxicology report which proved as much.

{¶22} Desmarais's third assignment of error is overruled.

### Conclusion

{¶23} We overrule Desmarais's first and third assignments of error but sustain his second assignment of error insofar as the trial court's judgment entry referenced the incorrect statutory subsection for the OVI controlled substance offense. We affirm Desmarais's conviction, but remand the cause for the trial court to issue a nunc pro tunc entry correcting its clerical error. The portion of the appeal relating to the failure

to maintain reasonable control conviction is dismissed.

Appeal dismissed in part, judgments affirmed in part and reversed in part, and cause remanded.

**ZAYAS** and **CROUSE, JJ.,** concur.