[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Newell v. Ohio Adult Parole Auth.*, Slip Opinion No. 2020-Ohio-967.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-967

THE STATE EX REL. NEWELL, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Newell v. Ohio Adult Parole Auth.*, Slip Opinion No. 2020-Ohio-967.]

*Mandamus—In original action for writ of mandamus, issue raised for first time in objections to magistrate's decision, without having appeared in the complaint, has been waived—Court of appeals' judgment granting summary judgment to respondents affirmed.*

(No. 2019-0541—Submitted October 22, 2019—Decided March 18, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-527, 2019-Ohio-1138.

_____

**Per Curiam.**

{¶ 1} Appellant, Timothy Newell, appeals the decision of the Tenth District Court of Appeals dismissing his complaint for a writ of mandamus against the Ohio

Adult Parole Authority and its chairman, Andre Imbrogno[1] (collectively, "the APA" or "the board"). We affirm the judgment of the court of appeals.

**Background**

{¶ 2} In June 1996, Newell was resentenced to prison terms in Cuyahoga C.P. case No. 40174. The sentencing entry provided the following:

<u>CR 040174</u>

| | |
|---|---|
| Agg. Robbery (3 Cts.) | 7-25 yrs. |
| Gross Sexual Imposition | 2-5 yrs. |
| Rape (10 Cts.) | 7-25 yrs. |
| Fel. Sexual Penetration | 7-25 yrs. |
| Fel. Assault | 5-15 yrs. |

Each of the above listed counts are ordered to be served consecutively.

In a separate case, Cuyahoga C.P. case No. 44231, Newell was sentenced to an aggregate prison term of two to five years for escape and possession of criminal tools. The court ordered that his sentence in case No. 44231 be served consecutively to his sentence in case No. 40174.[2]

{¶ 3} In April 2013, the board denied Newell's request for parole. In its decision, the board stated that Newell was serving an aggregate prison sentence of 107 to 375 years.

---

1. In December 2018, Trayce Thalheimer was appointed as chairman of the Adult Parole Authority.

2. In a third case, Cuyahoga C.P. case No. 40130, Newell was sentenced to a maximum aggregate prison term of 100 years for rape (three counts) and aggravated robbery. However, because his sentence in case No. 40130 had been ordered to run concurrently with his sentences in the other two cases, that sentence is not relevant here.

**{¶ 4}** In September 2013, Newell filed a complaint for a writ of mandamus in the Ninth District Court of Appeals. In claim two of the complaint, he alleged that the board's records contained materially incorrect information because his actual aggregate sentence is 15 to 100 years. (The complaint identified two additional alleged errors in the board's files, but Newell has abandoned those claims in this appeal.) Newell requested a writ of mandamus compelling the APA to correct its information and hold a new parole hearing.

**{¶ 5}** The APA filed a motion to dismiss. The Ninth District granted the motion in part, dismissed claims one and two, and denied the motion with respect to claim three. The parties thereafter filed cross-motions for summary judgment as to claim three. While those motions were pending, the court of appeals determined that venue in Lorain County was improper and ordered the case transferred to the Tenth District Court of Appeals, Franklin County.

**{¶ 6}** The Tenth District magistrate reassessed whether claims one and two should be dismissed and reached the same conclusion as the Ninth District. With respect to claim two, the magistrate noted that the board erred when it reported in its April 2013 decision that Newell had an aggregate minimum sentence of 107 years. Under the relevant version of R.C. 2929.41, consecutive terms of imprisonment for felonies (other than murder or aggravated murder) could not exceed an aggregate minimum of 15 years.

**{¶ 7}** However, the magistrate also concluded that Newell's complaint was not well-taken because in a subsequent board decision the board reported Newell's aggregate sentence to be 15 to 375 years. Therefore, the magistrate concluded,

> The Ohio Department of Rehabilitation and Correction records properly show that relator's sentence is 15 to 375 years. The parole records accurately reflect the minimum number of years to which

the trial court actually sentenced relator. As such, the information
is not inaccurate.

The magistrate did not directly address whether the board had correctly reported Newell's aggregate *maximum* sentence.

{¶ 8} Newell filed objections to the magistrate's decision. In his second objection, he contended that the magistrate had been incorrect in saying that he was subject to a sentence of 15 to 375 years, for two reasons. First, he asserted that 15 to 375 years was not the sentence imposed by the trial court in its June 1996 sentencing entry. And second, he argued that the sentencing entry did not order him to serve his sentence "in a prison institution" and therefore the APA had no authority "to execute a sentence that has not been authorized by a court's sentencing entry."

{¶ 9} The Tenth District overruled Newell's objections, dismissed claims one and two, and granted summary judgment to the APA as to claim three. 2019-Ohio-1138, ¶ 13. The court concluded that the board correctly calculated Newell's aggregate maximum term: 375 years. *Id.* at ¶ 10. And the court rejected Newell's contention that the APA had no authority to include the maximum term in its aggregate-sentence calculation because the sentencing entry did not specify that he had to serve the sentence in a prison institution:

> It appears relator is attacking the validity of his underlying prison sentence—not whether the OAPA has accurately stated his aggregate sentence in its records. This claim is not alleged in relator's complaint. In addition, relator raised this argument in a previous appeal and the Eighth District Court of Appeals rejected it. *State ex rel. Newell v. Gaul*, 8th Dist. Cuyahoga No. 98326, 2012-Ohio-4068.

*Id*. at ¶ 12.

{¶ **10**} Newell timely appealed.

## Analysis

{¶ **11**} In his sole proposition of law, Newell contends that it was error to dismiss the second claim of his complaint because his sentencing entry did not order him to serve his sentence in a prison institution. Claim two of Newell's complaint specifically alleged that his aggregate sentence should be 15 to 100 years. His current theory—that he was never ordered to serve his sentence "in prison" in the first place—does not appear in the complaint. "In an original action for a writ of mandamus, an issue raised for the first time in objections to the magistrate's decision, without having appeared in the complaint, has been waived." *State ex rel. Sanford v. Bur. of Sentence Computation*, 152 Ohio St.3d 260, 2017-Ohio-8723, 95 N.E.3d 342, ¶ 9.

{¶ **12**} On appeal, Newell argues that he raised this claim when he asked the Ninth District to reconsider its decision to dismiss claim two. However, ordinarily a motion for reconsideration may not raise new issues not previously raised. *E. Liverpool v. Columbiana Cty. Budget Comm.*, 116 Ohio St.3d 1201, 2007-Ohio-5505, 876 N.E.2d 575, ¶ 3. The court of appeals correctly held that Newell failed to preserve his claim alleging that the trial court failed to order that his sentence be served in a prison institution. And because Newell failed to preserve the claim, it is unnecessary to address his substantive arguments in support of the claim.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

FRENCH, J., not participating.

_____

Timothy Newell, pro se.

Dave Yost, Attorney General, and Kelly N. Brogan, Assistant Attorney General, for appellee.

—————————