[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Thomas v. Nestor*, Slip Opinion No. 2021-Ohio-672.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-672

THE STATE EX REL. THOMAS, APPELLANT, *v*. NESTOR, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Thomas v. Nestor*, Slip Opinion No. 2021-Ohio-672.]

*Mandamus—Procedendo—A court need not grant extraordinary relief in mandamus when the relator would receive no benefit from such an order—Judge's failure to direct clerk to serve judgment entry on parties under Civ.R. 58(B) is not a refusal or delay in proceeding to judgment—Court of appeals' judgment of dismissal affirmed.*

(No. 2020-0846—Submitted January 12, 2021—Decided March 11, 2021.)

APPEAL from the Court of Appeals for Hamilton County, No. C-200137.

_____

**Per Curiam.**

{¶ 1} Appellant, Lewis Thomas III, appeals the First District Court of Appeals' judgment dismissing his petition for a writ of procedendo and/or mandamus.  Thomas sought an extraordinary writ to compel the trial court's

compliance with Civ.R. 58(B).  We affirm, albeit for reasons different than those given by the court of appeals.

## I.  Background

{¶ 2} Thomas is incarcerated at the Allen-Oakwood Correctional Institution.  He commenced this action on March 17, 2020, seeking a writ of procedendo and/or mandamus to compel Hamilton County Court of Common Pleas Judge Steven Martin to serve upon him a February 25, 2019 judgment entry in which Thomas's motion to correct his sentencing entry was denied.  The judgment entry does not contain language directing the clerk of courts to serve it upon the parties.  Thomas contends that the delay in serving him with formal notice prevents him from appealing the judgment entry.  *See State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 9-12 (an order denying a motion for a new sentencing entry is a final, appealable order).

{¶ 3} Appellee, Judge Terry Nestor, who succeeded Judge Martin, filed a motion to dismiss Thomas's petition.  The court of appeals substituted Judge Nestor for Judge Martin as the respondent and granted the motion.  Thomas appealed to this court as of right.

## II.  Analysis

{¶ 4} This court reviews de novo a lower court's dismissal of a petition for extraordinary-writ relief.  *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4.  Dismissal is appropriate if it appears beyond doubt from the petition, after presuming all factual allegations to be true, that the relator can prove no set of facts warranting extraordinary relief.  *Id.*

### A.  Mandamus

{¶ 5} To be entitled to a writ of mandamus, Thomas must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Nestor to provide it, and the lack of an adequate remedy in the ordinary course of the law.

*See id.* Thomas sought a writ of mandamus to compel Judge Nestor to comply with Civ.R. 58(B), which requires (1) a trial court to direct the clerk of the court to serve all parties with notice of a judgment and (2) the clerk to formally serve the parties. Because Civ.R. 58(B) imposes the duty of serving the parties upon the clerk of the court, the court of appeals held that Thomas failed to show that Judge Nestor had a clear legal duty to serve the February 25, 2019 judgment entry.

{¶ 6} The court of appeals' reasoning is flawed because it misstates the relief Thomas sought in his petition. Thomas did not seek a writ compelling Judge Nestor *to serve* the judgment entry on him. Rather, Thomas sought a writ compelling Judge Nestor *to direct the clerk of the court* to serve the judgment entry, as Civ.R. 58(B) requires. *See Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, ¶ 7 (applying Civ.R. 58(B) to a final, appealable order other than a final judgment). The court of appeals was therefore incorrect to dismiss Thomas's petition on the basis that he had not alleged a clear legal duty on the part of Judge Nestor.

{¶ 7} However, we will not reverse a correct judgment simply because it is based on an erroneous rationale. *State ex rel. Miller v. Bower*, 156 Ohio St.3d 455, 2019-Ohio-1623, 129 N.E.3d 389, ¶ 14. Further, this court "review[s] a judgment of the court of appeals in a mandamus action filed in that court 'as if the action had been filed originally in [this court].' " *State ex rel. Dynamic Industries, Inc. v. Cincinnati*, 147 Ohio St.3d 422, 2016-Ohio-7663, 66 N.E.3d 734, ¶ 7, quoting *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 164, 228 N.E.2d 631 (1967). And in this case, Thomas's mandamus petition was properly dismissed.

{¶ 8} Thomas makes clear that the purpose of his mandamus petition is to secure service of Judge Nestor's judgment entry so that he can appeal it. But Thomas's requested relief is not necessary to effectuate that purpose. He does not need to be served formally by the clerk under Civ.R. 58(B) in order to appeal a final, appealable order. The lack of service by the clerk under Civ.R. 58(B) means

simply that Thomas's time for commencing an appeal has not begun to run. *See In re Anderson*, 92 Ohio St.3d 63, 67, 748 N.E.2d 67 (2001). Thomas can still timely file a notice of appeal from the judgment entry. *See id.*; *see also Whitehall ex rel. Fenessy v. Bambi Motel, Inc.*, 131 Ohio App.3d 734, 741, 723 N.E.2d 633 (10th Dist.1998) (holding an appeal to be timely when the trial court never instructed the clerk to send notice to the parties under Civ.R. 58(B) and no notices were sent).

{¶ 9} Granting Thomas his requested writ of mandamus is therefore of no benefit to him. And a court need not grant extraordinary relief in mandamus when the relator would receive no benefit from such an order. *See State ex rel. McCuller v. Cuyahoga Cty. Court of Common Pleas*, 143 Ohio St.3d 130, 2015-Ohio-1563, 34 N.E.3d 905, ¶ 18. The court of appeals properly dismissed Thomas's mandamus petition.

*B. Procedendo*

{¶ 10} Thomas's petition also sought a writ of procedendo to compel Judge Nestor to order the clerk of courts to serve Thomas with the February 25, 2019 judgment entry. The court of appeals did not address Thomas's alternative requested relief in procedendo. Nonetheless, dismissal of Thomas's procedendo claim is also proper.

{¶ 11} A writ of procedendo will issue when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7. To be entitled to a writ of procedendo, Thomas must establish (1) a clear legal right to require Judge Nestor to proceed, (2) a clear legal duty requiring Judge Nestor to proceed, and (3) the absence of an adequate remedy in the ordinary course of the law. *Id.*

{¶ 12} In this case, there is neither a clear legal right nor a clear legal duty enforceable in procedendo. Judge Nestor's failure to direct the clerk to serve the judgment entry upon the parties under Civ.R. 58(B) is not a refusal or delay in

proceeding to judgment. Judge Nestor's judgment entry is valid regardless of whether the clerk served Thomas with notice of it. *See* Civ.R. 58(B) ("The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)"). Thomas's petition therefore fails to allege a viable claim in procedendo.

### III. Conclusion

{¶ 13} Although the court of appeals' rationale for dismissing Thomas's petition was not correct, its judgment dismissing the petition was. We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER, J., not participating.

_____

Lewis Thomas III, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

_____