[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, Slip Opinion No. 2021-Ohio-3662.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3662

THE STATE EX REL. NEWELL, APPELLANT, *v*. CUYAHOGA COUNTY COURT OF COMMON PLEAS, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, Slip Opinion No. 2021-Ohio-3662.]**

*Mandamus—Vexatious litigators—Relator failed to allege facts showing that relief in mandamus would benefit him—Record supports the conclusion that relator habitually and persistently engaged in frivolous litigation—Court of appeals' judgment dismissing mandamus petition and declaring relator a vexatious litigator affirmed.*

(No. 2021-0565—Submitted August 3, 2021—Decided October 20, 2021.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 110215, 2021-Ohio-1197.

_____

**Per Curiam.**

{¶ 1} This appeal involves a request by appellant, Timothy Newell, for a writ of mandamus to compel appellee, the Cuyahoga County Court of Common Pleas, to vacate journal entries that modified his original sentencing entries in two criminal cases. The Eighth District Court of Appeals dismissed Newell's petition and declared him a vexatious litigator. We affirm.

## Background

{¶ 2} In December 1978, the common pleas court, in two separate cases, convicted Newell of numerous offenses, including kidnapping, rape, aggravated robbery, and felonious assault. The court sentenced Newell to an aggregate prison term of 15 to 470 years, to be served in "the Ohio State Reformatory." *But see State v. Newell*, 8th Dist. Cuyahoga Nos. 40334 and 40335, 1980 WL 354496, *1-2 (Feb. 14, 1980) (vacating the kidnapping convictions, thereby reducing Newell's maximum prison sentence to 370 years).

{¶ 3} Newell alleges that he was conveyed to a penitentiary, not to a reformatory as provided for in his sentencing entries. He further alleges that in January 1979—two days after he had filed his notices of appeal of his convictions—the common pleas court filed journal entries in both of his cases stating that his sentencing entries were "modified in part—Should read Columbus Correctional Facility, Columbus, Ohio instead of Ohio State Reformatory, Mansfield, Ohio."

{¶ 4} In January 2021, Newell filed a petition for a writ of mandamus in the Eighth District, alleging that the common pleas court patently and unambiguously lacked jurisdiction to modify his sentences while his convictions were being challenged on appeal. The common pleas court moved to dismiss Newell's petition.

{¶ 5} The court of appeals granted the motion to dismiss, holding that Newell had failed to comply with (1) R.C. 2969.25(A), which requires an inmate who sues a governmental entity or employee in certain Ohio courts to file an affidavit describing each civil action or appeal of a civil action that he has filed in

the previous five years, and (2) R.C. 2969.25(C), which requires an inmate who is seeking to avoid the payment of filing fees in certain Ohio courts to file an affidavit seeking a waiver of the payment and an affidavit of indigency. 2021-Ohio-1197, ¶ 1-2, 8. The court of appeals further held that res judicata bars Newell's mandamus claim because he has either litigated or attempted to litigate the same issue in multiple previous cases. *Id.* at ¶ 3-5. The court also stated that Newell's mandamus claim failed because he had an adequate remedy in the ordinary course of the law by way of appeal. *Id.* at ¶ 5.

**{¶ 6}** The common pleas court asked the court of appeals to declare Newell a vexatious litigator under 8th Dist.Loc.App.R. 23. The court of appeals determined that Newell had engaged in frivolous conduct by filing 14 appeals and 5 original actions in that court since 1980. 2021-Ohio-1197 at ¶ 6. The court of appeals declared Newell a vexatious litigator and prohibited him from commencing future legal proceedings in that court without first obtaining leave and paying any applicable filing fees. *Id.* at ¶ 7.

**{¶ 7}** Newell appealed to this court as of right.

### Analysis

*Mandamus claim*

**{¶ 8}** To be entitled to a writ of mandamus, a relator ordinarily must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) that the respondent has a clear legal duty to provide that relief, and (3) that he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. In order for a court to dismiss a claim pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations are presumed to be true and all reasonable inferences are made in his favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur.*

*of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). We review a court of appeals' dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

{¶ 9} The court of appeals first held that Newell's claim must be dismissed because he failed to comply with R.C. 2969.25(A) and (C). 2021-Ohio-1197 at ¶ 1-2, 8. In its merit brief to this court, the common pleas court concedes that Newell did, in fact, file the required affidavits. The common pleas court suggests that the affidavit that Newell filed under R.C. 2969.25(A) was deficient because it failed to disclose the appeal that Newell filed in this court in *State ex rel. Newell v. Ohio Adult Parole Auth.*, 160 Ohio St.3d 25, 2020-Ohio-967, 153 N.E.3d 24. But the common pleas court is mistaken: Newell adequately described that appeal in his affidavit. The court of appeals therefore erred in dismissing Newell's petition based on his purported failure to comply with R.C. 2969.25.

{¶ 10} The court of appeals next determined that Newell's claim is barred under the doctrine of res judicata. 2021-Ohio-1197 at ¶ 3-5. But res judicata is an affirmative defense that is not a proper basis for dismissal for failure to state a claim upon which relief can be granted. *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 10. The court of appeals therefore erred in dismissing Newell's petition on that basis.

{¶ 11} The court of appeals also erred in dismissing Newell's petition on the basis that he had an adequate remedy in the ordinary course of the law. 2021-Ohio-1197 at ¶ 5. The availability of an appeal was irrelevant because Newell alleged that the common pleas court patently and unambiguously lacked jurisdiction to issue the journal entries modifying his sentences. *See State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 10; *see also State ex rel. Dobson v. Handwork*, 159 Ohio St.3d 442, 2020-Ohio-1069, 151 N.E.3d 613, ¶ 17-19 (trial court patently and unambiguously lacked jurisdiction to modify a sentence while an appeal was pending).

**{¶ 12}** Although the court of appeals' reasons for dismissing Newell's petition were incorrect, we "will not reverse a correct judgment merely because erroneous reasons were given for it." *Neguse* at ¶ 10. We affirm the dismissal of Newell's petition on alternative grounds.

**{¶ 13}** Newell's goal in this mandamus action is to force the common pleas court to vacate its January 1979 journal entries so that the provisions in his original sentences calling for his imprisonment in a reformatory are reinstated. But Newell has not alleged any facts showing that such relief would benefit him in any meaningful way. *See State ex rel. Thomas v. Nestor*, 164 Ohio St.3d 144, 2021-Ohio-672, 172 N.E.3d 136, ¶ 9 ("a court need not grant extraordinary relief in mandamus when the relator would receive no benefit from such an order").

**{¶ 14}** Newell acknowledges that the distinction between penal institutions and reformatory institutions in Ohio was eliminated in 1988 and thus that it is no longer possible for him to serve his sentences under the terms of the original sentencing entries. *See* R.C. 5120.03(B). But he suggests that if he had been imprisoned in a reformatory when that option was available to him (a period of about ten years), then he would have been able "to earn and receive good time credit, reductions to his sentence and to become eligible for parole in accordance with criteria established by the Parole Authority." To support that argument, Newell relies on this court's decision in *State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65, 320 N.E.2d 286 (1974), and *Davis*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822. Neither of those cases supports Newell's argument.

**{¶ 15}** In *McKee*, we explained that the purpose of reformatories was to separate younger first-time offenders "from older prisoners and multiple offenders who could exert harmful influences on a youth committed for the first time." *Id.* at 71. Reformatories were different from penitentiaries because they typically "place[d] greater emphasis on rehabilitation than [did] penitentiaries, and less emphasis on discipline and punishment." *Id.* We held that a reformatory inmate

could be legally eligible for parole before a penitentiary inmate who has the same sentence. *Id*. at 71-74. But contrary to what Newell suggests, we did not identify any tangible benefit—such as good-time credit or an opportunity to reduce a sentence—that was available only to reformatory inmates. At most, *McKee* suggests that Newell could have experienced "different treatment" or different "conditions of confinement" had he been imprisoned in a reformatory from 1979 to 1988. *Id*. at 71-72. *McKee* does not show that Newell could benefit from a writ of mandamus in this case.

{¶ 16} Nor does *Davis*. In *Davis*, an inmate sought a writ of mandamus to compel his sentencing court to vacate a nunc pro tunc entry that modified his sentence from life with parole eligibility after 20 years to life with parole eligibility after 20 full years. *Davis* at ¶ 2, 4. That distinction was significant because a life sentence with parole eligibility after 20 *full* years prevented the inmate from reducing his base sentence by earning certain types of confinement credit. *Id*. at ¶ 8. We held that the inmate's claim was not moot, even though he was already eligible for parole, because he was "entitled to serve the correctly imposed sentence and receive any credits and reductions to his sentence that he may have earned for program participation and good behavior." *Id*. at ¶ 17. *Davis* does not support Newell's argument, because Newell has not identified any legal authority to support the proposition that he would have had similar opportunities to reduce his sentence by serving time in a reformatory.

{¶ 17} It is possible that Newell was entitled under his original sentencing entries to serve his sentence in a reformatory for some period of time. But he has not provided any basis to believe that his imprisonment in a penitentiary deprived him of something that could be restored to him now. We affirm the court of appeals' dismissal of Newell's petition because he has not alleged facts showing that the relief he seeks would benefit him. *See Thomas*, 164 Ohio St.3d 144, 2021-Ohio-672, 172 N.E.3d 136, at ¶ 9.

*Vexatious-litigator determination*

**{¶ 18}** The court of appeals found Newell to be a vexatious litigator based on his filing of 14 appeals and 5 original actions in that court over the course of about 40 years. 2021-Ohio-1197 at ¶ 6. The court concluded that Newell had engaged in frivolous conduct by continuing to "attempt to relitigate the issue" presented in this case, and it noted that "several of [Newell's previous] appeals were not reasonably grounded in fact or warranted by existing law." *Id.*

**{¶ 19}** We review a vexatious-litigator determination for an abuse of discretion. *See State ex rel. Lisboa v. Fuerst*, 133 Ohio St.3d 76, 2012-Ohio-3913, 975 N.E.2d 995, ¶ 2. Because the record supports the conclusion that Newell has "habitually [and] persistently" engaged in frivolous conduct, 8th Dist.Loc.App.R. 23(B), we affirm the court of appeals' vexatious-litigator determination.

## Conclusion

**{¶ 20}** We affirm the Eighth District's judgment dismissing Newell's petition and its determination that Newell is a vexatious litigator.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, and DEWINE, JJ., concur.

DONNELLY, STEWART, and BRUNNER, JJ., concur in part and dissent in part and would reverse the court of appeals' vexatious-litigator determination.

————————————

Timothy Newell, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

————————————