[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Simpson v. Melnick*, Slip Opinion No. 2023-Ohio-783.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-783

THE STATE EX REL. SIMPSON; THE STATE EX REL. HUBER HEIGHTS VETERANS CLUB, INC., APPELLANT, *v.* MELNICK, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Simpson v. Melnick*, Slip Opinion No. 2023-Ohio-783.]**

*Vexatious litigators—R.C. 2323.52, vexatious-litigator statute, is constitutional in its entirety—Nothing in language of R.C. 2323.52 excludes vexatious-litigator parties represented by counsel from statute's requirements—Even when a vexatious-litigator party is represented by counsel, party must still seek leave to proceed—Court of appeals' judgment affirmed.*

(No. 2022-1098—Submitted January 10, 2023—Decided March 16, 2023.)

APPEAL from the Court of Appeals for Montgomery County, No. 29554.

_____

**Per Curiam.**

{¶ 1} Appellant, Huber Heights Veterans Club, Inc. ("HHVC"), and its co-relator below, Charles J. Simpson, filed an original action in the Second District

Court of Appeals seeking writs of prohibition and mandamus against appellee, Montgomery County Court of Common Pleas Judge Kimberly A. Melnick. The Second District dismissed HHVC's claims because HHVC had not filed an application for leave to proceed as a vexatious litigator. HHVC appeals the dismissal. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** HHVC has been declared a vexatious litigator by the Montgomery County Court of Common Pleas under R.C. 2323.52. *See Huber Heights Veterans Club, Inc. v. Webb*, Montgomery C.P. No. 2021CV04538 (May 9, 2022). "Huber Heights Veterans Club, Inc." purportedly is the new name of the Montgomery County Voiture 34 La Societe des 40 Hommes et 8 Chevaux, and is a veterans' organization. The Montgomery County Voiture and Simpson are defendants in a case over which Judge Melnick is presiding. The plaintiff in that case filed against Simpson a motion for contempt and sanctions. In response, Simpson and HHVC attempted to file what they termed an answer, counterclaim, and jury demand. The common pleas court struck that filing because there was no pending complaint to which Simpson and HHVC could respond.

**{¶ 3}** Simpson and HHVC then filed an original action in the Second District seeking a writ of prohibition precluding Judge Melnick from ruling on the motion for contempt and sanctions without holding a jury trial and a writ of mandamus ordering Judge Melnick to hold a jury trial on the motion. After issuing a show-cause order, the Second District determined that HHVC had not obtained leave to proceed as a vexatious litigator under R.C. 2323.52(D)(3) and (F)(2). The court of appeals dismissed HHVC's claims from the action for failure to seek leave to file.

**{¶ 4}** HHVC has appealed the dismissal to this court.

2

## ANALYSIS

**{¶ 5}** We review de novo a lower court's dismissal of a complaint for extraordinary-writ relief. *State ex rel. Thomas v. Nestor*, 164 Ohio St.3d 144, 2021-Ohio-672, 172 N.E.3d 136, ¶ 4.

**{¶ 6}** HHVC first argues that requiring it to seek leave to proceed as a vexatious litigator before filing its complaint seeking writs of mandamus and prohibition against Judge Melnick violates Article I, Section 16 of the Ohio Constitution. Article I, Section 16 provides that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." HHVC's argument lacks merit under *Mayer v. Bristow*, 91 Ohio St.3d 3, 16, 740 N.E.2d 656 (2000), in which this court held that R.C. 2323.52, the vexatious-litigator statute, "is constitutional in its entirety."

**{¶ 7}** HHVC argues that this case is distinguishable from *Mayer* and vexatious-litigator cases like it because such cases involve *plaintiffs* who had been deemed vexatious litigators. HHVC purports to be a defendant in the common-pleas-court case and argues that it was attempting to respond to a claim in the case. Even if we were inclined to reconsider *Mayer*'s broad holding, HHVC's argument fails for two reasons. First, a decision in the common-pleas-court case is not on appeal here; this is an appeal from the Second District's dismissal of HHVC's separate original action seeking extraordinary writs. HHVC is a relator in the original action—not a responding party. Second, in the common-pleas-court case, HHVC's answer, counterclaim, and jury demand was not stricken based on HHVC's status as a vexatious litigator. The trial court struck the filing because HHVC had attempted to file it in response to the motion for contempt and sanctions. The situation here does not warrant any deviation from our holding in *Mayer* that R.C. 2323.52 "is constitutional in its entirety," *Mayer* at 16.

**{¶ 8}** HHVC next argues that the requirement in R.C. 2323.52 that a vexatious litigator seek leave to proceed before instituting a legal action in a court of appeals does not apply to "actions or filings made by a licensed attorney on behalf of a client." HHVC was represented in the extraordinary-writ action in the Second District by its co-relator, Simpson, who is a licensed attorney. Nothing in the language of R.C. 2323.52, however, excludes vexatious-litigator parties who are represented by counsel from the statute's requirements. *See Madeira v. Oppenheimer*, 1st Dist. Hamilton No. C-200458, 2021-Ohio-2958, ¶ 6.

**{¶ 9}** HHVC relies on R.C. 2323.52(D)(2), which provides that when an attorney is declared a vexatious litigator, the requirements of R.C. 2323.52 apply only to proceedings instituted or continued by, or applications made by, the attorney on a pro se basis. In other words, the statute's filing restrictions do not apply when an attorney who has been deemed a vexatious litigator is representing a client. This provision, however, does not apply to a situation in which a non-attorney party has been declared a vexatious litigator. Even when the vexatious-litigator party is represented by an attorney, the party must still seek leave to proceed.

**{¶ 10}** Finally, HHVC argues that R.C. 2323.52 does not require a vexatious litigator to seek leave to file an answer, a counterclaim, or a jury demand in a case in which the vexatious litigator is a defendant. But as noted above, HHVC is a relator in the original-action case on appeal here and is not seeking in that action to file an answer, a counterclaim, or a jury demand. The issue HHVC presents, therefore, is not properly before this court. HHVC tries to avoid this conclusion by also arguing that R.C. 2323.52 does not require a vexatious litigator to seek leave to file an action purporting to enforce its right to file an answer, a counterclaim, or a jury demand. But nothing in R.C. 2323.52 excepts the requirement for a vexatious litigator to seek leave to file when the suit would attempt to enforce a right to file an answer, a counterclaim, or a jury demand. Moreover, in the common-pleas-court case, HHVC's answer, counterclaim, and jury demand were stricken because

there was no corresponding complaint to which it could respond—not because HHVC is a vexatious litigator.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Charles J. Simpson, for appellant.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Anu Sharma, Assistant Prosecuting Attorney, for appellee.

————————————