[Cite as *Fulkroad v. Greater Cleveland Regional Transit Auth.*, 2026-Ohio-35.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JACOB FULKROAD, :

    Plaintiff-Appellee, :

    v. :

                                  Nos. 114570 and 115257

GREATER CLEVELAND REGIONAL
TRANSIT AUTHORITY, :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** January 8, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-986479

---

### *Appearances:*

Seaman & Associates and David L. Meyerson, *for appellee.*

Janet E. Burney, General Counsel, Deputy General Manager for Legal Affairs, and Brian R. Gutkoski, Associate Counsel II, *for appellant.*

WILLIAM A. KLATT, J.:

{¶ 1} This is a consolidated appeal. In 8th Dist. Cuyahoga No. 114570 ("case 114570"), defendant-appellant Greater Cleveland Regional Transit Authority ("GCRTA") appeals from the trial court's August 13, 2024 journal entry entering

judgment for plaintiff-appellant Jacob Fulkroad ("Fulkroad"), along with the trial court's October 22, 2024 journal entry denying GCRTA's motion to vacate judgment. In 8th Dist. Cuyahoga No. 115257 ("case 115257"), GCRTA appeals from the trial court's June 3, 2025 order modifying the August 13, 2024 journal entry. For the following reasons, we reverse and vacate the trial court's August 13, 2024 judgment for Fulkroad and remand the case for proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2} In October 2023, Fulkroad filed a notice of appeal from a decision of the Industrial Commission of Ohio, along with a complaint. Fulkroad's complaint included a demand for a jury trial. Fulkroad alleged that he was injured in the course of his employment with GCRTA. Specifically, Fulkroad alleged that on or about July 13, 2020, he sustained a compensable injury in the form of a "right knee contusion and right knee medial collateral ligament." He also alleged that on or about June 18, 2021, he sustained a compensable injury in the form of a "loose body of the right knee." The Ohio Bureau of Workers' Compensation ("the Bureau") assigned a claim number for the 2020 injury, and the claim was heard and allowed. With respect to the 2021 injury, on August 12, 2021, the Industrial Commission of Ohio denied Fulkroad's claim and denied him the right to participate in the Workers' Compensation Fund related to the 2021 injury. Fulkroad's complaint included a demand for a jury trial.

{¶ 3} On October 30, 2023, GCRTA filed an answer; it also requested a jury trial. The same day, the Bureau also filed an answer to Fulkroad's complaint.

{¶ 4} On January 2, 2024, GCRTA filed a motion to compel Fulkroad to respond to outstanding discovery requests. On January 10, 2024, Fulkroad filed a brief in opposition to GCRTA's motion to compel. On January 11, 2024, GCRTA filed a reply brief in support of its motion to compel. On January 30, 2024, Fulkroad filed a notice to the court that he had served his responses to GCRTA's first set of interrogatories and request for production of documents.

{¶ 5} On May 14, 2024, the court denied GCRTA's motion to compel, subject to reconsideration, "in accordance with plaintiff's notice of compliance."

{¶ 6} A July 23, 2024 note on docket, referring to the first case-management conference scheduled in the case, states:

Case mgmnt conference scheduled for 08/12/2024 at 9:30 AM is cancelled.

{¶ 7} Three days later, on July 26, 2024, the court entered an order stating:

Case management conference scheduled for 08/12/2024 at 08:00 AM.

Counsel for all parties are required to be present in person, be familiar with the facts of the case and be prepared to schedule case events.

Failure to appear at the case management conference may result in sanctions, including dismissal of the case or judgment being rendered.

Case mgmnt conference set for 08/12/2024 at 08:00 AM.

{¶ 8} On August 13, 2024, the court issued a journal entry entering judgment for Fulkroad, stating:

Case management conference scheduled for 08/12/2024 at 08:00 AM. Although court and plaintiff waited 41 minutes, defendant failed to appear or communicate with the court.

Pursuant to notice, judgment is entered for the plaintiff. Plaintiff is entitled to participate for the condition of "loose bod [sic] of the right knee." Notice issued[.]

{¶ 9} On August 13, 2024, GCRTA filed a "motion to reconsider sua sponte 'judgment for plaintiff' or alternatively, for relief from judgment" ("the motion to vacate"). In its motion, in addition to making substantive arguments as to why the trial court should not have entered judgment for Fulkroad, GCRTA argued that the trial court's August 13, 2024 order entering judgment for Fulkroad was an interlocutory order.

{¶ 10} On September 3, 2024, Fulkroad filed a brief in opposition to GCRTA's motion to vacate. On September 4, 2024, GCRTA filed a reply brief in support of its motion to vacate. In its reply brief, GCRTA reiterated that the August 13, 2024 order was an interlocutory order because the judgment entry did not recite that it was "final," nor did the court instruct the clerk to serve the order on the parties pursuant to Civ.R. 58(B). Thus, GCRTA argued that the order was subject to reconsideration but if, in the alternative, the court believed that the August 13, 2024 order was final, GCRTA argued that it stated sufficient grounds for relief from that judgment pursuant to Civ.R. 60(B).

{¶ 11} On October 22, 2024, the trial court denied GCRTA's motion to vacate.

{¶ 12} On November 1, 2024, GCRTA filed a "motion to issue directive to the clerk to serve this court's 08-13-2024 and 10-22-2024 orders upon all parties in compliance with Civ.R. 58(B)."

{¶ 13} On November 19, 2024, GCRTA filed a notice of appeal — case 114570 — from the trial court's August 13, 2024 and October 22, 2024 journal entries. With its notice of appeal, GCRTA also made a request for an immediate limited remand pursuant to App.R. 4 and Loc.App.R. 4(A). GCRTA argued that this court should grant a limited remand under App.R. 4(D) and Loc.App.R. 4(A) with directives that the trial court comply with the mandatory language found in Civ.R. 58(B) to permit appellate review without further delay.

{¶ 14} On November 21, 2024, this court denied GCRTA's motion for a limited remand, stating:

> Motion by appellant for Loc.App.R. 4(A) limited remand for the sole purpose of complying with Civ.R. 58(B) is denied. "[An appellant] does not need to be served formally by the clerk under Civ.R. 58(B) in order to appeal a final, appealable order." *State ex rel. Thomas v. Nestor*, 2021-Ohio-672, P8. "The lack of service by the clerk under Civ.R. 58(B) means simply that [appellant's] time for commencing an appeal has not begun to run *See In re Anderson*, 92 Ohio St.3d 63, 67, 2001-Ohio-131, 748 N.E.2d 67 (2001). Appellant can still timely file a notice of appeal from the judgment entry." *Id*. Notice issued.

{¶ 15} On December 26, 2024, the trial court issued an order stating:

> 96 Disp.Other — Final

> Defendant Greater Cleveland Regional Transit Authority's motion to issue directive to the clerk to serve this court's 08/13/2024 and 10/22/2024 orders upon all parties in compliance with Civ.R. 58(B) is granted.

> Court cost assessed as directed.

Pursuant to Civ.R. 58(B), the clerk of courts is directed to serve this judgment in a manner prescribed by Civ.R. 5(B). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service.

{¶ 16} The same day, GCRTA filed a notice of amended appeal of right in which it appealed from the trial court's December 26, 2024 judgment entry. GCRTA also moved to correct or modify the record on appeal per App.R. 9(E) "to include the final appealable order, containing the required Civ.R. 58(B) modifications, issued on December 26, 2024."[1] GCRTA also sought to modify or supplement the record "to show that no on-the-record court hearings were ever conducted at any point in the trial court proceedings."

{¶ 17} On January 15, 2025, this court granted GCRTA's motion to correct or modify the record.

{¶ 18} On March 19, 2025, after the filing of GCRTA's opening brief and Fulkroad's brief in case 114570, GCRTA filed a reply brief in support of its "motion for immediate App.R. 4 remand, or alternatively, motion for enlargement of time to file reply brief in support of assignments of error." GCRTA argued that the trial court failed to address Fulkroad's statutory attorney fees that were sought in his complaint pursuant to R.C. 4123.512(F).

{¶ 19} On March 21, 2025, this court dismissed case 114570 stating:

Sua sponte, the appeal is dismissed for lack of a final appealable order. The appellee's statutory request for attorney fees pursuant to R.C. 4123.512 remains outstanding. The trial court did not include the Civ.R. 54(B) language that "there is no just reason for delay." *See*

---

[1] The record reflects that GCRTA filed an identical motion in the trial court on December 26, 2024. The trial court denied this motion on February 24, 2025.

*International Brotherhood v. Vaughn*, 116 Ohio St.3d 335, 2007-Ohio-6439. Appeal dismissed. Should a final appealable order be obtained within 30 days of this remand, the appellant may file a motion to reinstate the appeal. Notice issued.

This court subsequently denied GCRTA's motion for remand as moot.

{¶ 20} Between the date of GCRTA's original notice of appeal and the date of the remand, the original trial judge left office; her successor assumed office on January 7, 2025, and took over the docket. On remand, on March 24, 2025, GCRTA filed a "motion to reconsider sua sponte 'judgment for plaintiff.'" GCRTA argued that because the trial court had previously failed to issue a final appealable order, the court's decisions were interlocutory and remained subject to reconsideration. GCRTA reiterated its arguments from its previous motion to vacate.

{¶ 21} On April 3, 2025, Fulkroad filed a brief in opposition to GCRTA's motion to reconsider. Fulkroad argued that the trial court's August 13, 2024 order was a final order — albeit an "incomplete" final order — and therefore the appropriate remedy for the "technical deficiency" was to add the Civ.R. 54(B) language stating "that there is no just reason for delay." Thus, the same day, Fulkroad filed a "request to amend judgment to add Civ.R. 54(B) language to judgment order."

{¶ 22} On April 8, 2025, GCRTA filed a reply brief in support of its motion to reconsider. On April 15, 2025, GCRTA filed a brief in opposition to Fulkroad's motion to add Civ.R. 54(B) language to the trial court's August 13, 2024 order.

{¶ 23} On May 6, 2025, GCRTA filed a motion in the trial court "to reactivate upon remand from court of appeals" in which it asked the trial court to (1) issue a

final appealable order, (2) set an evidentiary hearing on Fulkroad's claimed attorneys' fees, or (3) set future case-management dates to hear the merits of Fulkroad's R.C. 4123.512 de novo appeal for "loose body of the knee."

{¶ 24} On June 3, 2025, the trial court issued the following journal entry:

98 Disposed – Final

Order of 08/13/2024 is modified to add the following: no just reason for delay.

Final.

Court costs assessed as directed. Pursuant to Civ.R. 58(B), the clerk of courts is directed to serve this judgment in a manner prescribed by Civ.R. 5(B). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service.

{¶ 25} The same day, in case 114570, GCRTA filed a motion to reactivate the appeal and supplement the record per App.R. 9(E).

{¶ 26} On June 18, 2025, GCRTA filed a second notice of appeal — case 115257 — from the trial court's June 3, 2025 order adding language to the August 13, 2024 order.

{¶ 27} On June 26, 2025, this court sua sponte consolidated case 114570 and case 115257 for briefing, argument, and disposition.

{¶ 28} On July 28, 2025, in case 115257, GCRTA filed a motion for immediate remand pursuant to Loc.App.R. 4(A) for a ruling on its motion to vacate judgment. On July 29, 2025, this court referred GCRTA's motion to this panel.

{¶ 29} GCRTA raises four assignments of error for our review:

I. The trial court committed reversible error by entering a sua sponte default judgment against appellant, "pursuant to notice," without a motion or hearing, in violation of the Ohio Constitution and multiple civil rules.

II. The trial court committed reversible error by denying appellant's same-day Civ.R. 60(B) motion to vacate the judgment without first holding a hearing.

III. The trial court committed reversible error by "denying subject to reconsideration" appellant's motion to compel.

IV. The trial court committed reversible error by issuing a new order in 2025 that purported to modify the prior judge's 2024 order to include "no just reason for delay."[2]

**Law and Analysis**

**I. Default Judgment**

{¶ 30} In GCRTA's first assignment of error, it argues that the trial court committed reversible error by entering a sua sponte default judgment against it, "pursuant to notice," without a motion or hearing, in violation of the Ohio Constitution and multiple civil rules.

{¶ 31} We review a trial court's dismissal for an abuse of discretion. *Lively v. Reulbach*, 2023-Ohio-613, ¶ 8 (8th Dist.). An abuse of discretion occurs if a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 32} We begin by noting that it is well recognized that "the law generally does not favor default judgments and that cases should be decided on their merits

---

[2] In case 114570, GCRTA presents the first three assignments of error for our review. In case 115257, GCRTA presents these assignments of error in addition to the fourth assignment of error.

whenever possible." *Russo v. Fonseca*, 2012-Ohio-5714, ¶ 28 (8th Dist.), citing *Wilson v. Lee*, 2007-Ohio-4542, ¶ 15 (2d Dist.).

{¶ 33} In general, default judgments are governed by Civ.R. 55, which provides in relevant part:

> (A) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore. . . . If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

Civ.R. 55, however, generally does not contemplate the type of sua sponte default judgment entered in this case. In this case, the trial court apparently entered judgment as a sanction against GCRTA for failing to attend the initial case-management conference.

{¶ 34} We note that while dismissal and default judgment are two different and distinct sanctions, "the granting of default judgment is an equally harsh remedy and requires the same due process guarantee of prior notice as dismissal." *Huntington Natl. Bank v. Zeune*, 2009-Ohio-3482, ¶ 23 (10th Dist.). "Because the notice requirement originated in the dismissal context, Ohio appellate courts have relied upon dismissal cases to determine whether appropriate notice occurred in default judgment cases." *Id.* at ¶ 24, citing *Associated Business Invest. Corp. v. CTI Communications Inc.*, 2002-Ohio-6385, ¶ 23 (2d Dist.). The granting of a default judgment "'is a harsh remedy which should only be imposed when the actions of the faulting party create a presumption of willfulness or bad faith.'" *Estate of Kuzda v.*

*PRF Ents.*, 2017-Ohio-4185, ¶ 24 (8th Dist.), quoting *Toney v. Berkemer*, 6 Ohio St.3d 455, 458 (1983).

{¶ 35} Likewise, in *Lively v. Ruehlbach*, 2023-Ohio-613 (8th Dist.), this court held that "'the harsh remedy of dismissal with prejudice is reserved for cases in which a party has repeatedly, deliberately and without explanation, failed to comply with the trial court's orders.'" *Id.* at ¶ 16, quoting *Whipple v. Estate of Prentiss*, 2020-Ohio-2825, ¶ 29 (8th Dist.). Similarly, in *Whipple*, this court found that the trial court abused its discretion when it dismissed the complaint for failure to prosecute where neither the plaintiff nor his counsel appeared for a pretrial conference. *Whipple*, 2020-Ohio-2825 (8th Dist.). This court held that where the plaintiff had been actively prosecuting the case prior to the dismissal, and there was no showing that the failure to participate in the pretrial conference was willful or in bad faith, the trial court's dismissal constituted an abuse of discretion. *Id.* at ¶ 29.

{¶ 36} In the underlying case, GCRTA had participated in the litigation by filing an answer to Fulkroad's complaint and by filing a motion to compel Fulkroad to respond to discovery requests. Further, our review of the record reveals nothing indicating that GCRTA's counsel's failure to appear at the first case-management conference was willful or in bad faith. On the contrary, the record reflects that counsel was mistaken as to the rescheduled time of the case-management conference and, upon realizing this mistake approximately 30 minutes after the conference had been scheduled to start, attempted to contact the court about his failure to appear; counsel attempted to contact the court again later that day.

{¶ 37} The court's journal entry rescheduling the case-management conference included a warning that failure to appear at the case-management conference "may result in sanctions, including dismissal of the case or judgment being rendered." While this scheduling order informed the parties that a dismissal or default judgment was possible, it did not provide a reasonable opportunity to defend against the dismissal or default. *See Perkowski v. Yonkov*, 2021-Ohio-1879, ¶ 12 (8th Dist.), citing *St. Vincent Charity v. Paluscsak*, 2020-Ohio-1501, ¶ 47 (8th Dist.). Indeed, although counsel for GCRTA attempted to contact the court twice, within an hour of realizing the mistake, the court entered judgment for Fulkroad the following morning.

{¶ 38} The court's sua sponte decision to enter judgment for Fulkroad, seemingly without hearing any evidence as to the merits of his claims and clearly without allowing GCRTA the opportunity to defend against this sanction, constituted an abuse of discretion. GCRTA's first assignment of error is sustained, and the court's August 13, 2024 judgment entry is vacated.

## II. Civ.R. 60(B) Motion

{¶ 39} In its second assignment of error, GCRTA argues that the trial court committed reversible error when it denied its Civ.R. 60(B) motion to vacate the default judgment without first holding a hearing.

{¶ 40} Because our resolution of GCRTA's first assignment of error resulted in the vacation of the default judgment, the second assignment of error is rendered moot.

## III. Motion to Compel

{¶ 41} In its third assignment of error, GCRTA argues that the trial court committed reversible error by denying subject to reconsideration GCRTA's motion to compel.

{¶ 42} "It is well[-]settled that a trial court has broad discretion in controlling the discovery process." *Falkenberg v. Kucharczyk*, 2022-Ohio-2361, ¶ 30 (8th Dist.), citing *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55 (1979); *Mauzy v. Kelly Servs., Inc.*, 1996-Ohio-265. "The trial court abuses its discretion in discovery matters only if it acts in an unreasonable, arbitrary, or unconscionable manner." *Id.*, citing *State ex rel. Denton v. Bedinghaus*, 2003-Ohio-861, ¶ 31.

{¶ 43} Here, on January 11, 2024, GCRTA filed a motion to compel discovery related to its discovery requests. On January 30, 2024, Fulkroad filed a notice with the court stating that it had served discovery responses to GCRTA's first set of interrogatories and request for production of documents. On May 14, 2024, the court denied, "subject to reconsideration," GCRTA's motion to compel "in accordance with [Fulkroad's] notice of compliance." The court's journal entry explicitly stated that GCRTA "may refile its motion as necessary."

{¶ 44} Because the record reflects that the dispute claimed in GCRTA's motion to compel was addressed by Fulkroad's discovery response, we cannot conclude that the trial court acted unreasonably in denying the motion to compel. Therefore, GCRTA's third assignment of error is overruled.

## IV. The June 3, 2025 Journal Entry

{¶ 45} In its fourth and final assignment of error, GCRTA argues that the trial court committed reversible error by issuing a new order on June 3, 2025, that purported to modify the prior judge's order to include the "no just reason for delay" language. This June 3, 2025 order purported to modify the trial court's August 13, 2024 default judgment. Because the default judgment — as journalized in the June 3, 2025 journal entry — is vacated pursuant to our resolution of GCRTA's first assignment of error, this assignment of error is moot.

{¶ 46} Judgment reversed and vacated. The case is remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

MICHELLE J. SHEEHAN, A.J., and
ANITA LASTER MAYS, J., CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)